HAISTEN, tax-collector, *et al. v.* GLOWER *et al.*

1. A loose and general recommendation by the grand jury of a particular county, that the roads thereof " be worked by taxation," and that the fund raised by the taxation of property in each militia district " be applied to that district," did not have the effect of putting into operation in that county any of the " alternative road laws of this State," nor did such a result arise from an endorsement of this action by the next succeeding grand jury.
2. The authorities of a county in which none of the "alternative road laws " of this State are of force have no power to levy a tax separately for "public roads," or conjunctively for " public roads and bridges."

Argued  February 18, — Decided March 13, 1902.

Injunction.    Before Judge Reagan.    Fayette superior court. December 31, 1901.

*E. E. Spurlin* and *J. W. Wise*, for plaintiffs in error.
*A. O. Blalock* and *Aldine Chambers*, contra.

FISH, J.    This case involves the two questions dealt with in the headnotes, on both of which the trial judge ruled in accord with the views entertained by this court.

1. At the September term, 1900, of the superior court of Fayette county, the grand jury made the following recommendation : " We recommend that the roads of this county be worked by taxation.    We recommend that the road-tax money of each district be applied to that district, and that one general supervisor be appointed

for the county." Obviously this recommendation of the grand jury did not have the effect of putting in operation in the county of Fayette any of the statutes of this State termed "alternative road laws." The act of October 21, 1891 (Acts of 1890–91, vol. 1, p. 135), the provisions of which are now embraced in the Political Code, §§ 573 to 583, inclusive, declares that it "shall not go into effect in any county in this State until it is recommended by the grand jury of said county, said recommendation to be made at any term of court." It requires no argument, we think, to show that the action of the grand jury above mentioned can not properly be said to amount to a recommendation that this particular act should become effective in the county of Fayette. There was merely a loose and general recommendation that "the roads of this county be worked by taxation," followed by a specific recommendation the purpose of which was to apply to the working of roads in each militia district the money arising from the taxation of property therein. There is nothing in the act referred to authorizing any such apportionment of what is called in the third section thereof the "public-road fund." Clearly, therefore, the grand jury could not have intended to make effective as a whole the system of road-working for which that act provided. The recommendation with which we are now dealing falls very far short of expressing any such distinct purpose to put in force an "alternative road law" as was embraced in the grand jury recommendation with which this court dealt in the case of *Crawford* v. *Crow,* 114 *Ga.* 282. In that case it appeared that the grand jury distinctly recommended the adoption of "the alternative road law as found in the Code of 1895, §§ 573–579." The only difficulty at all about that recommendation was, that in specifying the code sections it omitted sections 580, 581, and 582, which merely provided the details of the methods for dealing with defaulters. We therefore concluded that the recommendation was intended to put in force the alternative road law as a whole.

The action taken by the Fayette county grand jury with reference to the working of the public roads was certainly not intended to operate as an adoption of the public-road act of December 24, 1896 (Acts of 1896, p. 78) ; for it distinctly provides for an adoption of its provisions by popular vote. Nor could the action of the grand jury have had reference to the road law of 1898 (Acts of 1898, p. 110) ; for it is therein declared that its provisions "shall

not go into effect in any county until said county has adopted the said act of 1896."

The following appeared in the presentments of the grand jury of Fayette county at the March term, 1901, of the superior court : "We find the public roads in the county in fair condition, considering the time in which the people have had to work them since we have been placed under the new system of working the roads in this county. We heartily endorse the working of our public roads by taxation, as recommended by the former grand jury." As is apparent, this last grand jury made no recommendation at all with respect to the adoption of a new road law, but simply undertook to endorse what the previous grand jury had done.

2. The remaining question is whether or not, under the authority conferred by the Political Code, § 404, par. 2, to assess county taxes to "build or repair court-houses or jails, bridges or ferries, or other public improvements, according to the contract," the commissioners of Fayette county had power to levy a tax either for "public roads " or for " public roads and bridges." Leaving out of consideration the several alternative road laws referred to above, there is no authority of law in this State for the levying of a county tax to be expended in improving or working the public roads. Certainly no such power is derivable from the language of the code section quoted above. Nor does that section authorize the imposition of a tax for maintaining "roads and bridges." While, under its provisions, money may be raised by taxation for the building or repairing of bridges, taxation for the double purpose of keeping up roads and bridges is wholly unauthorized. Taxation in this form can not be upheld as applying to bridges only; for a tax levied generally for roads and bridges, without specifying how much of the money raised is to be applied to bridges alone, can not be considered enforceable to the extent of raising a sufficient amount of revenue to build and maintain county bridges. In so far as such a levy relates to roads, it is entirely unauthorized; and in so far as it relates to bridges, it is fatally wanting in certainty as to the amount to be raised for the purpose of building and keeping them in repair.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., disqualified, and Little, J., absent.*