## SULLIVAN, tax-collector, *v.* YOW *et al.*

The Political Code, §405, requires that the order of the ordinary, when assessing county taxes, shall specify the per cent. levied for each specific purpose. An order specifying the amount to be collected for each pur· pose, but not the per cent., fails to comply with the statute; and the collection of taxes on such an assessment was properly enjoined.

Submitted March 3,—Decided May 11, 1906.

Injunction. Before Judge Russell. Franklin superior court. December 30, 1905.

Yow and others, citizens of Stephens county, brought a petition for injunction against the tax-collector of Franklin county, and alleged the following: The petitioners were citizens of that portion of Franklin county which was incorporated into Stephens county, upon the creation of the latter county. The tax-collector of Franklin is proceeding to collect a tax levy made in an order of the court of ordinary of Franklin county, which order was void, for the reason that it failed to specify the per cent. levied for each specific purpose enumerated therein; and for the further reason that said assessment was more than fifty per cent. of the State tax for the year levied, and had not been recommended by the grand jury as required by law. After a hearing the injunction was granted, and the defendant excepted.

*W. R. Little* and *J. H. Skelton,* for plaintiff in error.

*J. B. Jones, Fermor Barrett, John J. Strickland,* and *Thomas F. Green,* contra.

COBB, P. J. (After stating the foregoing facts.) It was admitted that the order of the court of ordinary, assessing the tax sought to be enjoined, did not specify the per cent. levied for each specific purpose, but only ordered an assessment of a certain amount for each purpose. This order was clearly contrary to the provisions of the statute. The Political Code, §405, provides: "As soon as the county tax is assessed for the year, it shall be done by order of such ordinaries and entered on their minutes, which must specify the per cent. levied for each specific purpose. The assessment applies to every species of value or specifics which is taxed by the State." In *Mitchell* v. *Speer,* 39 *Ga.* 56, it was said, "It is clearly the intent of the code . . that the county taxes shall be assessed specifically for the several purposes authorized by law. . . Every order assessing a tax should specify the per cent. laid for

each of the nine specific purposes mentioned in section 548 [Pol. Code, §404]. And if there be a tax laid for any purpose not there included, by virtue of some other law, the per cent. laid for that purpose should be stated in the order." In *Albany Bottling Co.* v. *Watson,* 103 *Ga.* 508, it was said: "but this enumeration of objects which may be taxed in no way changes the manner of such taxation, but when the assessment is made to apply to such objects under this section, then the power to tax such objects is limited to a *rate per cent.* for each of the specific purposes enumerated." The order of the ordinary levying the tax not conforming to the plain requirements of the law, all proceedings under the tax levy in its present shape were properly enjoined. The judge also based the granting of the injunction upon the ground that the total tax levy, exclusive of the first item, which was levied for purposes of building and repairing public buildings, bridges, and ferries, exceeded fifty per cent. of the State tax. In determining whether the tax levy exceeded fifty per cent. of the State tax the judge properly excluded from the calculation item 1, the tax levied for the above purposes, as no recommendation of the grand jury was required to authorize the ordinary to levy a tax for this purpose. Pol. Code, §395; *Comrs.* v. *Porter Mfg. Co.,* 103 *Ga.* 614(2) ; *Walden* v. *County of Lee,* 60 *Ga.* 297(4) ; *Arnett* v. *Griffin,* Id. 352. The judge should also have excluded the amount stated in the 6th item, which was levied for the support of the poor of the county, and the amount stated in the 7th item, which was levied to pay the expenses of working the road under the alternative road law. By the act of September 29, 1881 (Acts 1880-1, p. 49), now embraced in the Political Code, §397, the county authorities are authorized to levy a tax for the support of the paupers of the county, not to exceed twenty five per cent. upon the amount of the State tax for the year. The title of this act was, "An act to enlarge the powers of the county authorities of this State to levy a tax for pauper purposes." This is nothing in the act which makes the powers conferred dependent upon the recommendation of the grand jury, and the language of the act indicates that they were not to be so dependent. The alternative road law (Pol. Code, §575) distinctly provides that the county authorities "shall levy a tax additional to any now authorized by law, of not more than two tenths of one per cent. on all the taxable property of the county," which, with the

commutation tax, shall, when collected, be known as the "public road fund." There is nothing in this act making the levy dependent upon the action of the grand jury, and therefore the amount levied for this purpose is not to be considered in determining whether the tax levied for ordinary county purposes has exceeded fifty per cent. of the State tax.

All proceedings under the tax levy were properly restrained until the county authorities make the levy conform to the requirements of the law. In the light of what has been said, the county authorities may readily make the levy comply with the requirements of the law as to the statement of the percentage of each item, and make the gross amount levied, exclusive of the levies made under items 1, 6, and 7, represent such a percentage upon the State tax as will not exceed fifty per cent. of that tax, if the present amounts specified, after excluding the three items above referred to, still exceed that percentage. The fifty per cent. referred to in section 399 is fifty per cent. of the State tax, and if the grand jury fail to recommend the levy, or there is no grand jury at the spring term, the ordinary is authorized, under section 401, to levy a tax not exceeding fifty per cent. of the State tax for the year, to pay such demands against the county, or such current expenses of the county, as are not included in the first, sixth, and seventh items of the levy made in the present case, the county authorities being authorized to levy for the purpose of these items without reference to a recommendation of the grand jury. *Waller* v. *Perkins,* 52 *Ga.* 238; *Barlow* v. *Ordinary,* 47 *Ga.* 639(3). But when the county authorities exercise the power conferred under section 401, the tax levy must not exceed the levy last recommended by the grand jury of the county. See Act of September 5, 1881 (Acts 1880-1, p. 41) now embraced in that section of the Political Code.

<div align="right">

*Judgment affirmed. All the Justices concur.*