WRIGHT, comptroller-general, for use, v. SOUTHERN RAILWAY Co.

PER CURIAM. 1. Where a county is without funds to carry on its affairs, a liability for a legitimate current item of expense may be incurred, provided that at the time of incurring the liability a sufficient sum to discharge the same can be lawfully raised by taxation during the current year. *Butts County* v. *Jackson Banking Co.,* 129 *Ga.* 801, 809 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244).

2 A county may, without being said to create a debt, contract for equipping its chain-gang, and for the purchase of machinery and materials for the prosecution of work on the public roads of the county, to be paid for out of available funds in the hands of the treasurer, or out of the proceeds of taxes that have been or may be lawfully levied during the year in which such contracts are made. Where a county has allowed the payment of such demands to go by default, and there is no other available fund in the treasury with which to pay the same, the authorities may, during the next year, levy a tax for the discharge of such liabilities. *Wilson* v. *Gaston,* 141 *Ga.* 770 (82 S. E. 136).

3. Where, during the course of a fiscal year, a county is without funds to pay liabilities not due to "casual deficiencies," the authorities can not legally borrow money, without a vote of the people, to anticipate its revenues under the guise of a temporary loan. The framers of the constitution meant, by the term "casual deficiency," unforeseen or unexpected deficiency, or an insufficiency of funds to meet some unforeseen and necessary expense. *Lewis* v. *Lofley,* 92 *Ga.* 804 (19 S. E. 57); *Hall* v. *County of Greene,* 119 *Ga.* 253 (46 S. E. 69), and cases cited.

4. The item in the tax levy to pay a promissory note for borrowed money, under the rulings above stated, was illegally included therein.

(*a*) Whether a tax levy may be made to discharge any legitimate items of liability for money actually received and used by the county as a fruit of the unauthorized contract is not before us for decision, as the levy in this case was specifically assessed to pay the note which we hold to be illegal.

5. County authorities may legally levy a tax not exceeding 100 per cent. of the State tax, to pay accumulated debts and current expenses of the county, without any reference to a recommendation of the grand jury. Civil Code (1910), § 507.

6. If 100 per cent. of the State tax be not sufficient to pay the accumulated debts and current expenses of the county, the authorities have power to raise a tax for county purposes, over and above the tax of 100 per cent. of the State tax, and not to exceed 50 per cent. of the State tax for the year it is levied, "provided two thirds of the grand jury, at the first or spring term of their respective counties, recommend such tax." Civil Code (1910), § 508; *Sheffield* v. *Chancey*, 138 *Ga.* 686 (75 S. E. 1112). And see Civil Code, § 513, for enumeration of purposes for which county taxes may be assessed.

7. As against the special demurrer, the affidavit of illegality failed to negative compliance with section 508 of the Civil Code, in regard to action or non-action by the grand jury. All presumptions are in favor of the legality of the tax. It will be presumed, therefore, that the law was complied with in reference to the grand jury. This being the only infirmity alleged in the attack on items 4, 5, 6, and 8 of the assessment as levied, the ground of illegality in respect to these items was insufficient to withstand the general demurrer. As to item 1 of the tax levy, the ground of illegality was sufficient, since a recommendation of the grand jury would not have given validity to an indebtedness which was not due to a "casual deficiency," and which had not the sanction of a vote of the people.

8 Under the foregoing rulings, the court did not err in overruling the demurrer to the affidavit of illegality as to item 1, of the tax levy, and, on the agreed facts, in sustaining the affidavit in this respect; but did err in overruling the demurrer to the affidavit of illegality in so far as it attacked other items of the tax levy.

*Judgment affirmed in part, and reversed in part. All the Justices concur, except Fish, C. J., absent.*

FEBRUARY 28, 1917.

Affidavit of illegality of execution. Before Judge Pendleton. Fulton superior court. December 16, 1915.

*Joseph H. Hall* and *W. J. Wallace,* for plaintiff.

*McDaniel & Black* and *Edgar A. Neely,* for defendant.