SOUTHERN RAILWAY COMPANY *v.* WRIGHT, Comptroller-General.

PER CURIAM. 1. "County authorities may legally levy a tax not exceeding 100 per cent. of the State tax, to pay accumulated debts and current expenses of the county, without any reference to a recommendation of the grand jury. Civil Code (1910), § 507. . . If 100 per cent. of the State tax be not sufficient to pay the accumulated debts and current expenses of the county, the authorities have power to raise a tax for county purposes, over and above the tax of 100 per cent. of the State tax, and not to exceed 50 per cent. of the State tax for the year it is levied, 'provided two thirds of the grand jury, at the first or spring term of their respective counties, recommend such tax.' Civil Code (1910), § 508; *Sheffield* v. *Chancy*, 138 *Ga.* 686 (75 S. E. 1112). And see Civil Code, § 513, for enumeration of purposes for which county taxes may be assessed." *Wright* v. *Southern Ry. Co.*, 146 *Ga.* 581 (5, 6) (91 S. E. 681).

(a) Applying the foregoing rulings and the provisions of the Civil Code (1910), § 510, to the facts of the present case, the court did not err in rendering judgment in favor of the plaintiff in fi. fa., and against the defendant in fi. fa., and in ordering that the fi. fa. proceed.

(b) Request was made that the decision in the *Wright* case, supra, be reviewed and overruled; but inasmuch as that decision was concurred in by only five Justices, it is not necessary that it be reviewed with a view of overruling it. However, we now adhere to the ruling above quoted.

2. Civil Code sections 507 and 508 are not obnoxious to art. 7, sec. 7, par. 1, of the constitution of this State (§ 6563), which provides that " The debt hereafter incurred by any county, municipal corporation, or political division of this State, except as in this constitution provided for, shall not exceed seven per centum of the assessed value of all the taxable property therein; and no such county, municipality, or division shall incur any new debt except for a temporary loan or loans to supply casual deficiencies of revenue, not to exceed one fifth of one per centum of the assessed value of the taxable property therein, without the assent of two-thirds of the qualified voters thereof at an election for that purpose to be held as may be prescribed by law."

3. The judgment of the court below was not error for any of the reasons assigned.                    *Judgment affirmed.   All the Justices concur.*

No. 2875. SEPTEMBER 30, 1922.

Affidavit of illegality of execution. Before Judge Searcy. Butts superior court. September 24, 1921.

On January 5, 1921, the sheriff of Butts County, Georgia, levied a fi. fa. issued by the comptroller-general, for the principal sum of $197.67, with interest from December 20, 1920, as the balance due by the Southern Railway Company to the County of Butts for the year 1920. The Southern Railway Company filed an affidavit of illegality. The items of the tax levy for the County of Butts for the year 1920 were: " Jail .60, Superior Court .40, Litigation .50, Jurors .35, Coroner .05, Public Roads 4.00, Bridges and Public Buildings 6.25, Support of Paupers 1.25, Other Lawful Purposes .60, Past-due Indebtedness 3.00; making a total of $17.00 on the $1,000 of taxable property." The Southern Railway Co. paid to the county the full amount of taxes levied, with the exception of 50 cents on the $1,000 of taxable property; and the execution was proceeding for the balance. For the year 1920 the grand jury of Butts County made no recommendation authorizing a levy of any tax by said county. There was no election or vote of the people of the county, authorizing the levy of any tax by the board of commissioners of roads and revenues for the year 1920. None of the indebtedness for which a tax of $3 on the $1,000 was levied was incurred by authority of an election or

vote of the people, held for the purpose, in accordance with art. 7, sec. 7, par. 1, of the constitution of the State (Civil Code of 1910, § 6563). The State tax for the year 1920 was $5 on the $1,000 of taxable property. The levy for the year 1920 exceeds in aggregate the aggregate amount recommended by the grand jury of Butts County in any previous year. The levy of 3 mills on the dollar, designated in the tax levy as " Past-due Indebtedness," was for the purpose of discharging a judgment duly entered by the superior court of Butts County, as follows: " Ordered and decreed: that J. O. Gaston, as sole commissioner of Butts County, and his successor or successors in office, or such other official of the said county as may hereafter by law be empowered with authority to fix tax rate of said county and make levy of the same, be and he and they are hereby ordered and directed by this mandamus to levy a sum of three mills on the dollar of the property of Butts County subject to tax, for the years 1919, 1920, 1921, 1922, to discharge the warrants (including 7 per cent. interest from their date) set out in the foregoing petition and exhibit thereto, and such other warrants or legal obligations of the county that may not be included in this petition and exhibit thereto, incurred and existing prior to 1917; and that if said levy be found insufficient in any one year or more years, the same shall be increased at the discretion of the levying officer or officers for such year, in sufficient amount to meet one fourth of said obligation; so that the levy of four years will discharge all of said obligations." The petition referred to in this judgment alleged that these were regular warrants of the county, issued by the commissioner during the current year, for lawful purposes, but they were not paid in the years issued, for the reason the income of the county was insufficient to pay all of the warrants issued, the commissioner refusing or failing to make a sufficient levy to pay off the warrants in the years issued; that the warrants had written on their faces, " interest at 7 per cent. per annum from date;" that the warrants referred to amounted to $48,000, and there were outstanding other warrants in a large amount unpaid, and for years prior to the current year in which the mandamus was asked; that the tax levy for the year in which the mandamus was prayed for would not be sufficient to pay current expenses and past-due warrants, but all of said taxes would be consumed by warrants issued ·

for current expenses for that year. These allegations were admitted by the county to be true. The taxable property of the county is about four million dollars, and a levy of three mills on the dollar will not discharge one fourth of the outstanding obligations; these obligations being solely past-due warrants issued by the commissioner for expenses in carrying on the affairs of the county. No interest has been paid and none will be paid out of the levy for 1920. A levy of fifty per cent. of the State tax was necessary to defray the current expenses of the county for that year. The levy of fifty per cent. of the State tax, and of the three mills was not sufficient to pay current expenses and one fourth of the past-due indebtedness as set forth in the petition on which the aforesaid order was granted during the year 1920. The special levy of three mills is not sufficient to pay one fourth of the indebtedness of the county for which mandamus has been issued and on which the order aforesaid was granted.

The court found in favor of the plaintiff in fi. fa. and against the affidavit or illegality. To this judgment the defendant in fi. fa. excepted. The grounds of exception are indicated by the headnotes in connection with the statement of facts above.

*Harris, Harris & Witman* and *Edgar A. Neely,* for plaintiff in error. *W. E. Watkins,* contra.