## CENTRAL OF GEORGIA RAILWAY COMPANY *v.* WRIGHT, Comptroller-General.

1. Under the Civil Code (1910), § 507, the proper county authorities can levy a tax of 100 per cent. of the State tax to pay current expenses of the county, but a levy to pay both accumulated debts and current expenses or a levy for either of these purposes must not exceed 100 per cent. of the State tax.
2. The tax authorized by the above section is in addition to that provided in the Civil Code (1910), § 508.
3. We answer the first question of the Court of Appeals in the negative; and this renders it unnecessary to answer the other questions propounded by the Court of Appeals.

No. 3649.    JULY 16, 1923.

The Court of Appeals (in Case No. 13531) requested instruction from the Supreme Court upon the following questions involved in this case:

1. Where, without a recommendation from the grand jury, an order is passed by the proper authorities imposing a county tax levy, indicating the levy of certain items to pay for current expenses, aggregating more than 50 per cent. of the State tax, is

such levy for current expenses void to the extent that it exceeds 50 per cent. of the State tax? See Civil Code (1910), § 508; *Wright* v. *Central of Ga. Ry. Co.,* 28 *Ga. App.* 356 (111 S. E. 61).

2. In the event that the answer to the above question should be in the affirmative, would it be proper to treat certain items (included along with items for current expenses), consisting of salaries of public officials as fixed and provided for by law, not as items for current expenses, but as items in the nature of "accumulated debts," so as to render all the items levied legal up to an amount not exceeding 100 per cent. of the State tax, under the rule that "county authorities may legally levy a tax not exceeding 100 per cent. of the State tax to pay accumulated debts and current expenses of the county, without any reference to a recommendation of the grand jury?" *Wright* v. *So. Ry. Co.,* 146 *Ga.* 581 (5), citing Civil Code (1910), § 507.

3. In the event the first question is answered in the affirmative and the second question in the negative, is the levy for items of current expenses valid up to the amount of 50 per cent. of the State tax, after deducting the items for fixed salaries of county officials, on the theory that though the latter items are legally levied they do not constitute items either of current expenses or accumulated debts?

*Meriwether F. Adams,* for plaintiff in error.

*Callaway & DeJarnette,* contra.

HINES, J. 1. Can the proper county authorities levy a tax of 100 per cent. of the State tax to pay current expenses? The Civil Code (1910), §§ 504, 506, and 507, provides for the levy of special and extra county taxes. The last cited section is as follows: "When debts have accumulated against the county, so that one hundred per cent. on the State tax, or the amount specially allowed by local law, cannot pay the current expenses of the county and the debt in one year, they shall be paid off as rapidly as possible, at least twenty-five per cent. every year." It is now well settled by the decisions of this court that the proper county authorities, under this section, can levy a tax, not exceeding 100 per cent. of the State tax, to pay accumulated debts and current expenses of the county, without any recommendation of the grand jury. *Sheffield* v. *Chancy,* 138 *Ga.* 677 (75 S. E. 1112); *Wright* v. *Southern Ry. Co.,* 146 *Ga.* 581 (91 S. E. 681); *Blalock* v. *Adams,*

154 *Ga.* 326 (114 S. E. 345); *Southern Ry. Co.* v. *Wright,* 154 *Ga.* 334 (114 S. E. 359). In the last-cited case this court was asked to review and reverse the decision in *Wright* v. *Southern Ry. Co.,* supra; but this court declined to do so, and adhered to the ruling in that case. It follows necessarily from the above decisions, that if the proper county authorities can levy a tax of 100 per cent. of the State tax to pay accumulated debts, under the above quoted section, they can levy 100 per cent. of the State tax to pay current expenses. The aggregate of the tax for both purposes, however, must not exceed, under this section, 100 per cent. of the State tax. It does not appear that there was a separate levy to pay accumulated debts, or that such aggregate exceeds such per cent. of the State tax. The tax authorized by this section is an extra or special tax, and is in addition to the tax which the county can levy for county purposes under the Civil Code (1910), § 508. So we answer the first question of the Court of Appeals in the negative.

2. This renders it unnecessary to answer the other questions propounded by the Court of Appeals. *All the Justices concur.*