14684.   SOUTHERN RAILWAY COMPANY *v.* WRIGHT, comptroller-general.

Upon the record in this case the judgment overruling the affidavit of illegality as to the tax levies for bridges and repairing court-house and jail is not subject to reversal for the reasons pointed out by the plaintiff in error.

DECIDED OCTOBER 3, 1923.

Affidavit of illegality; from Douglas superior court—Judge Blair presiding.   April 9, 1923.

The execution against the railway company as set out in the record purports to be for "balance of its tax for the year 1919, due the County of Douglas." The affidavit of illegality alleges that "said taxes were not legally levied, and there is no law for the collection of the same;" "that the board of commissioners of roads and revenues of Douglas County, sitting for county purposes on the 2d day of September, 1919, levied for the year 1919 taxes upon the taxable property of the said county at the rate of  .  .  $13  .  . on the one thousand dollars of taxable property in the county, said levy being itemized as follows:" On each $100 of the taxable property of the county: for general county purposes, 18 cents; for bridges, 30 cents; for support of paupers, 10 cents; for jail fees, 7 cents; for court-house and jail repairs, 15 cents; for salaries of officers, 10 cents; making in all 90 cents for county purposes; also 40 cents "on account of the public roads of said county;" that the items for "general county purposes" are the foregoing item of 18 cents, and the items of 7 cents for jail fees, and 10 cents for salaries of officers, aggregating 35 cents on the $100; and that these items of general county purposes exceed 50 per cent. of the State tax to the extent of $1 on the $1,000 of taxable property; that the State tax for the year 1919 was upon the basis of $5 on the $1,000 of taxable property, and the said items are to that extent excessive; that the defendant has paid all other items included in the levy, and has paid upon the basis of $2.50 on the $1,000 of taxable property for the items of general county purposes enumerated above, but has not paid more than this; that so far as the items of general county purposes exceed 50 per cent. of the State tax, to wit, upon the basis of $1 on the $1,000 of taxable property, the same are without authority of law and contrary to law.

The bill of exceptions states that the execution was for taxes "for the year 1921;" and that the following evidence was introduced: J. H. McLarty, ordinary of Douglas county, testified: "I don't remember whether or not there were contracts let by Douglas county in 1921 after advertisement and competitive bids submitted for the building of bridges or repairing the court-house and jail or other public buildings. There is none on the minutes. There was a contract for Cobb county to build half of a bridge, but I don't know what year it was. In 1921 the commissioners bought the material and hired the work done in their bridge building. I have

now examined the records and don't find any contract during 1921 for repairing the court-house, and none for bridges except as contained in the Bankhead highway contract which is on record. The money to carry on that contract was raised by bonds. The bond issue was for $160,000, but that didn't pay for all of the work, and some of it was paid with taxes. Taxes were levied for paying the principal and sinking fund and interest on the bond issue; that was taken care of in that way. After the completion of the highway the bond money gave out and we finished it with general taxes. There were bridges on the highway; they are not kept up by the State; they were built by the county. We had some repairs on the court-house almost every year. I did that with hired labor, just picked up a roof man and let him do it, and then paid for it. This amounted to $400 or $500 a year. We didn't let it by contract,—just picked up a man and let him do the work. I could not say what per cent. of the county taxes would be required for that. The taxable property for that year aggregated about two million dollars. The board of commissioners did some work on the court-house on two occasions, either in 1920 or 1921, something like four or five hundred dollars' worth of work. That was just the casual repairs. I don't think it would run over $500. That was the aggregate repair bill of the year; it was not done all at one time. The highway contract was let, after advertisement, to the lowest bidder. These years we kept up the bridges constantly, we didn't have enough bridge money to do the work. We have not had any left since 1919. The bond money for the highway lacked about $10,000 of finishing the work. The contract was already completed, but that $10,000 was to complete some work off of the highway that was contemplated by the people when they voted the bonds. That was to build some roads not on the highway. There is no money in sight now to repair them; the road fund in the county is pretty short. Douglas county maintains a chain-gang." It was agreed by the parties "that on this testimony the presiding judge should make a decision on the law and facts after consideration thereof."

The decision of the trial judge is set out in the following opinion. The bill of exceptions "assigns the same as error, and says that the court should have held and ruled that all of the tax items contained in the illegality were illegal and void, and that execution

therefor should have been so held." Section 387 of the Civil Code (1910) as to contracts for the building or repairing of court-houses, jails, bridges, etc., was cited in the brief of counsel for the plaintiff in error, and it was contended in the brief that "there was no legal contract for this work at the time the levy was made; no such contract was made subsequent to the levy during 1921; the money was not expended for this purpose either legally or illegally; and the levy is illegal for the reasons set out in the record." It was contended on the part of the defendant in error that questions raised in the brief for the plaintiff in error were not raised by the affidavit of illegality.

*Astor Merritt, Maddox, McCamy & Shumate,* for plaintiff in error. *J. R. Hutcheson,* contra.

LUKE, J. This case arose by reason of an affidavit of illegality filed by the Southern Railway Company to an execution issued by the comptroller-general in behalf of the County of Douglas, for State and county taxes. The case was submitted to the judge, by agreement, to make a decision on the law and facts without the aid of a jury. The learned judge rendered the following opinion: "In so far as the levy for general county purposes is attacked in the above-stated case, to wit: one dollar upon each thousand dollars of taxable property, the illegality is sustained. Code, § 508; *Wright* v. *C. of Ga. Ry. Co.,* 28 *Ga. App.* 356 (111 S. E. 61), and *Sullivan* v. *Yow,* 125 *Ga.* 326 (54 S. E. 173). I am of the opinion, however, that the attack upon the levies for bridges and for court-house and jail repairing cannot be sustained. Such levies are authorized by law. Code, § 513 (2); *Commissioners &c.* v. *Porter Mfg. Co.,* 103 *Ga.* 613 (2) (30 S. E. 547); *Gaines* v. *Dyer,* 128 *Ga.* 589 (58 S. E. 175). I do not understand that a legal contract to build or repair is an essential requisite to the validity of such levies, but that the levies may be made, the taxes collected, and the contracts for the expenditures of the moneys so raised be made later. I am referred to the case of *Garrison* v. *Perkins,* 137 *Ga.* 744 (74 S. E. 541), but in that case it developed that the levy in part was to pay a debt illegally contracted, and to that extent it was held that the levy was illegal. The record here does not show that the money when collected will be illegally expended. That other moneys may or may not have been illegally expended by the

authorities would not suffice to show that this money when collected would be so expended. The conclusion reached is that the levies for bridges and repairing court-house and jail are legal, and in so far as the affidavit attacks these levies it is overruled. The execution will proceed for said amounts with interest and costs. Judgment is entered against the defendant." There being no cross-bill of exceptions by the defendant in error, we think the judgment complained of, upon the record in this case, is not subject to reversal for the reasons pointed out by the plaintiff in error. *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*