### 14161. SEABOARD AIR-LINE RAILWAY COMPANY *v.* WRIGHT, comptroller-general.

1. Three items of a tax levy aggregating four mills, namely, "for court expense," "salaries and commissions," and "to pay any other lawful charge against the county," were attacked upon the sole ground that such items in the aggregate exceeded "50 per cent. upon the amount of the State tax" (five mills) which the county authorities may levy for "county purposes," under the Civil Code, § 508. *Held:* It does not appear from the levy itself whether these items or any of them should be classified only as a tax for "county purposes" under section 508, and not under section 507 as a tax for "current expenses"; this depending upon the nature of the expense. It follows that the affidavit of illegality did not show that the levy of the tax for these items was excessive upon the ground urged. "All presumptions are in favor of the legality and validity of a tax."

2. Over the objections of the defendant taxpayer the court erred in admitting testimony by the chairman of the board of county commissioners, that the three items stated above were in fact levied for the purpose of paying an amount of accumulated indebtedness; but since the legal result of the proceeding should have been the same if such evidence had been excluded, its admission was harmless.

DECIDED APRIL 25, 1924.

Affidavit of illegality; from McIntosh superior court—Judge Sheppard. December 5, 1922.

Certiorari was granted by the Supreme Court.

*Conyers & Wilcox,* for plaintiff in error.

*Tyson & Tyson,* contra.

BELL, J. A tax levy for McIntosh county contained among others the following items:

"3. For court expense, 1½ mills.

"4. Salaries and commissions, 1 mill.

"8. Miscellaneous purposes, 1½ mills." (This item by a stipulation of the parties in the court below is to be considered as a levy "To pay any other lawful charge against the county," as allowed by paragraph 9 of section 513 of the code.)

The Seaboard Air-Line Railway Company paid all the taxes

demanded of it under the levy except 1½ mills. For this balance a fi. fa. was issued, and certain of its property was seized to satisfy the same. The defendant thereupon arrested the proceeding by an affidavit of illegality. The issue was submitted to the trial judge without the intervention of a jury. Upon the hearing he dismissed the affidavit of illegality, and the railway company excepted.

The sole ground of illegality was as follows: "That items 3, 4, and 8; of the tax levy were excessive, because they amounted to 4 mills, which is 1½ mills in excess of 50 per cent. of the State tax for the year 1921. Said three items are items of general current expense of the county, and the board of commissioners of said county could not legally levy a tax for all of said purposes which aggregated more than 50 per cent. of the State tax levy for the same year. The excess of said levy over and above 50 per cent. of the State tax is therefore illegal." As to the matter involved this court certified questions to the Supreme Court, for the answers to which see 157 *Ga.* 722 (122 S. E. 35).

1. "When debts have accumulated against the county, so that one hundred per cent. on the State tax, or the amount specially allowed by local law, cannot pay the current expenses of the county and the debt in one year, they shall be paid off as rapidly as possible, at least twenty-five per cent. every year." Civil Code (1910), § 507. "The ordinaries have power to raise a tax for county purposes, over and above the tax they are hereinbefore empowered to levy, and not to exceed fifty per cent. upon the amount of the State tax for the year it is levied: Provided, two thirds of the grand jury, at the first or spring term of their respective counties, recommend such tax." Civil Code (1910), § 508. The affidavit of illegality is construed as an attack on the three items of the levy,—namely, items 3, 4 and 8, upon the single ground that, being levied under authority of § 508, they exceeded by 1½ mills the power of taxation therein conferred. Under the answers of the Supreme Court, each of the three items in question, the expense being lawfully incurred, may or may not be a tax for "current expenses" leviable under § 507, depending upon the nature of the expense. If the indebtedness of the county to be paid under such levies was "a part of the usual, ordinary annual expense of the county," then they would be considered as taxes for "current ex-

penses;" otherwise they would be classed only as a tax for "county purposes."

Speaking solely with reference to the question raised by the affidavit, the validity of these items of the levy would depend upon whether they fall under § 507 or § 508. If either the third or the eighth item should fall under § 507, the levy would not be excessive even though the others were made solely under the authority of § 508. It does not affirmatively appear from the levy itself to which classification any one of these items belongs, nor therefore that the county commissioners exceeded their authority in making the levy, upon the ground that they had no power under § 508 to levy a tax for these items in excess of 50 per cent. of the State tax levied, which was 5 mills. "All presumptions are in favor of the legality and validity of a tax." *Blalock* v. *Adams,* 154 *Ga.* 326 (3). So the burden was on the defendant taxpayer to make good his contention that the items excepted to fell exclusively under § 508 of the Code and were thus in the aggregate excessive of the amount leviable for "county purposes" under that section, it not being contended that the tax was illegal for any other reason. The very language of the items in question would imply a levy for the ordinary "current expenses" of the county; and furthermore, nothing else appearing, it should be presumed that the commissioners were making provision for the annual current expenses rather than for a tax for a "county purpose" outside of the "usual, ordinary annual expense of the county," and thus that they were acting under the authority not of § 508, but of § 507, in the levy of these items.

2. Over the objection of the defendant taxpayer, the court admitted oral testimony by the chairman of the board of county commissioners to the effect that all of the three items in question were levied in fact for the purpose of paying an amount of accumulated indebtedness, and this ruling is assigned as error. The legal purpose of this evidence seems to have been to show that such levies did not fall within the class as to which § 508 placed a limitation of 50 per cent. additional upon the State tax rate. Under the rulings of the Supreme Court in response to the certified questions, the admission of this evidence was error, but since, in view of what we have said above, the legal result would have

been the same had it been excluded, the error in its admission was harmless.

We conclude that the court did not err in rendering a judgment dismissing the affidavit of illegality and ordering that the fi. fa. proceed.

*Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*