15087.  ATLANTIC COAST LINE RAILROAD COMPANY *v.*
GRADY COUNTY *et al.*

It appearing from the county tax levy itself that the items of ordinary
"current expenses" plus the item for debts, which in terms included the
"legal indebtedness of the county" due and past due at the time of the
levy, did not exceed 100 per cent. of the State tax, the court did not err
in dismissing the affidavit of illegality, in which the levy was attacked
as exceeding the legal limit of taxation by the county authorities.

DECIDED APRIL 25, 1924.

Affidavit of illegality of execution; from Grady superior court—
Judge Custer.   September 6, 1923.

The exceptions are to a judgment sustaining a demurrer to an
affidavit of illegality, which was filed upon the levy by the comp-
troller-general of a tax-execution issued for the collection of taxes
due Grady county for 1922.   The complaining affiant attacks the
tax levy of the county commissioners of roads and revenues, upon
the ground that it amounts to $3.70 per thousand, that "said levy
for general county purposes exceeds by $1.20 on the thousand 50
per cent. of the State tax of $5 per thousand for said year, and is
to that extent illegal and void."   The levy consists of certain
items for the compensation of sheriffs, jailors, other officers' fees,
coroners, bailiffs, nonresident witnesses in criminal cases, fuel,
servant hire, stationery, jurors, and other current expenses.   It
appears from the tax levy, all of which is attached to the affidavit
as an exhibit, that in addition to the items of ordinary "current
expenses" aggregating 37 cents per $100, which are attacked, there
is an item of "13 cents on each $100 worth of property to pay
legal indebtedness of the county now due, past due, or to become
due during the year;" and the levy recites that these items, "aggre-
gating 5 mills, or 100 per cent. of the State tax, are levied on
recommendation of the grand jury."   The plaintiff in error con-
tends that, under section 508 of the Civil Code (1910), the county
authorities did not have the power to levy a tax for items constitut-
ing ordinary "current expenses" of the county in excess of 50 per
cent. of the State tax levy, and that the excess tax complained of,
based on the levy over and above such 50 per cent., is illegal.

*Pope & Bennet,* for plaintiff in error.

*M. L. Ledford, Jesse Gainey,* contra.

JENKINS, P. J.   (After stating the foregoing facts.)   The ques-
tion raised by the affidavit of illegality in this case appears to be

concluded by the recent ruling of the Supreme Court in *Central of Ga. Ry. Co.* v. *Wright,* 156 *Ga.* 13 (118 S. E. 709), wherein it was held, in response to questions certified to it by this court, that "Under the Civil Code (1910), § 507, the proper county authorities can levy a tax of 100 per cent. of the State tax to pay current expenses of the county, but a levy to pay both accumulated debts and current expenses or a levy for either of these purposes must not exceed 100 per cent. of the State tax;" and that "the tax authorized by the above section is in addition to that provided in the Civil Code 1910, § 508," which relates to the limitation of 50 per cent. on the amount of State tax. In *Southwestern R. Co.* v. *Wright,* 156 *Ga.* 1 (2, 3) (118 S. E. 552), it was also held that, under section 507, "the proper county authorities may legally levy a tax not exceeding 100 per cent. of the State tax, to pay accumulated debts and current expenses of the county, without reference to any recommendation of the grand jury," and that, "if 100 per cent. of the State tax be not sufficient to pay the accumulated debts and current expenses of the county, the authorities have power to raise a tax for county purposes, over and above the 100 per cent. . . and not to exceed 50 per cent. of the State tax for the year it is levied," pursuant to section 508, if the grand jury so recommend. See also *Sheffield* v. *Chancy,* 138 *Ga.* 677, 685 (75 S. E. 1112) ; *Wright* v. *So. Ry. Co.,* 146 *Ga.* 581 (5, 6) (91 S. E. 681) ; *So. Ry. Co.* v. *Wright,* 154 *Ga.* 334 (114 S. E. 359) ; *McMillan* v. *Tucker,* 154 *Ga.* 154, 168 (4) (113 S. E. 391) ; *Blalock* v. *Adams,* 154 *Ga.* 326 (2), 332, 333 (114 S. E. 345). In *Sullivan* v. *Yow,* 125 *Ga.* 326, 328 (54 S. E. 173), *Wright* v. *So. Ry. Co.,* 137 *Ga.* 801, 803 (74 S. E. 529), *Barlow* v. *Ordinary of Sumter Co.,* 47 *Ga.* 639 (3, 4, 5), 641, and *Wright* v. *Cen. of Ga. Ry. Co.,* 28 *Ga. App.* 356 (111 S. E. 61), relied upon by plaintiff in error, only the limitation of 50 per cent. on the amount of the State tax, as now embodied in section 508, appears to have been under consideration; and the effect and construction of the law now codified in section 507, with reference to the power under that section to levy 100 per cent. of the State tax under certain conditions, was not dealt with. As was said in *Sheffield* v. *Chancy,* supra (pp. 684, 685), referring to the case of *Sullivan* v. *Yow,* "no accumulated debts were there involved, so that the 100 per cent. limit would apply," and "what was said in that case had no application to the section

of the code now under consideration." In the instant case part of the tax levy appears to have been for past indebtedness. In *Waller* v. *Perkins*, 52 *Ga.* 234, 238, also cited, the power of county authorities to levy 100 per cent. under the conditions now stated in section 507, and as was stated in that decision "to pay the current expenses and the accumulated debt," seems to have been expressly recognized. Since in the instant case it appears from the tax levy itself that the items of ordinary "current expenses" plus the item for debts, which in terms included the "legal indebtedness of the county now due" and "past due," amounted to only "100 per cent. of the State tax," as authorized by section 507, the levy was within the powers of the commissioners, and the superior-court judge properly dismissed on demurrer the affidavit of illegality.

*Judgment affirmed. Stephens and Bell, JJ., concur.*