15638.  CENTRAL OF GEORGIA RAILWAY CO. *v.* WRIGHT,
comptroller-general.

1. Where a county which had adopted none of the alternative road laws levied a tax of 50 per cent. of the amount of the State tax, for "current expenses," and also 140 per cent. of the amount of the State tax, "to pay for improvements of the public roads and for maintenance of the chain-gang for said county," the levy was excessive to the extent of 90 per cent. of the State tax, whether the item of 140 per cent. should be classified as a tax falling within the provisions of § 507 or of § 508 'of the Civil Code.
2. The authorities of a county in which none of the alternative road laws of this State are of force have no power to levy a tax solely for improving or working the public roads. . In such county, however, the authorities may levy a 'tax for the expense of maintaining, keeping, and equipping the misdemeanor convicts of the county, or the county's quota of felony convicts requisitioned under the act of 1908, or both, employed in work upon the public roads.
3. A tax levy of 140 per cent. of the State tax, "to pay for improvements of the public roads and for maintenance of the chain-gang for said county," is a levy for two purposes. Where the county in which such levy is made has not adopted. any of the alternative road laws, the part of the levy "for improvements of the public roads" is unauthorized, and, the amount of the tax for this purpose not being given, the remainder of the levy which might otherwise be legal is rendered illegal for uncertainty.

DECIDED NOVEMBER 13, 1924.

Affidavit of illegality; from Marion superior court—Judge Munro.  April 30, 1924.

*Arnold & Battle,* for plaintiff in error.

*W. D. Crawford,* contra.

BELL, J.  For the year 1922, Marion County, which had adopted none of the "alternative road laws," levied taxes for the following purposes:  (A)  25 per cent. upon the amount of the State tax for support of the poor of the county;  (B)  25 per cent. for repairing court-houses, jails, bridges, etc.;  (C)  50 per cent. for current expenses, the items thereof being specifically enumerated; and (D) 140 per cent. "to pay for improvements of the public roads and for maintenance of the chain-gang for said county."  After paying the first three items stated above, the Central of Georgia Railway Company, a taxpayer, upon a fi. fa. being issued and levied on its property to satisfy the balance due under the item designated as D, interposed its affidavit of illegality, contesting the validity of this item, on various grounds, raising the questions hereinafter decided.

The court rendered judgment against the illegality, and the defendant excepted. The State tax rate was 5 mills.

Where the General Assembly within its constitutional bounds (Civil Code of 1910, § 6562) requires or authorizes the counties to do things necessarily entailing expense, but makes no provision for the levy of a tax, the proper county authority has the *implied* power to levy a tax to meet the expense legally incurred in complying with the law. *Pennington* v. *Gammon,* 67 *Ga.* 456; *Garrison* v. *Perkins,* 137 *Ga.* 744 (1) (74 S. E. 541). The discretion of the counties as to the amount of such taxes is limited, however, by §§ 507 and 508 of the Civil Code; and, considering the other levies made at the same time, the tax for such a purpose should not exceed the amount leviable under § 507 or § 508, according as the one or the other applies to the particular purpose.

Any county may make requisition for its quota of male felony convicts to be employed upon the public roads of the county (Ga. L. 1908, p. 1119, Penal Code of 1910, § 1207); and if the county be one which has not adopted any of the alternative road laws, it is competent for the authorities having charge of its roads and revenues to levy a tax to defray the expense incurred in the maintenance, keeping, and equipment of the force of hands obtained · from the State, and also of the misdemeanor convicts. It is otherwise where a county levies a road tax under one of the alternative road laws. In such case there can not be an additional tax for the expense of maintaining and equipping the convicts. *Garrison* v. *Perkins,* supra; *Central of Ga. Ry. Co.* v. *Meriwether County,* 148 *Ga.* 423 (96 S. E. 884); *Wright* v. *Alabama Great Southern R. Co.,* 150 *Ga.* 140 (2) (102 S. E. 821); *Carter* v. *Shingler Realty Co.,* 157 *Ga.* 118 (102 S. E. 821).

Where in such a county a chain-gang is regularly maintained, to be employed on the public roads of the county, a tax for maintaining, keeping, and equipping the convicts would be classified under § 507 as a tax for current expenses (*Seaboard Air-Line Ry. Co.* v. *Wright,* 157 *Ga.* 722, 122 S. E. 35; s. c. 32 *Ga. App.* 256, 122 S. E. 900), and it, together with all other levies for current expenses, and accumulated indebtedness, should not exceed 100 per cent. on the State tax. *McMillan* v. *Tucker,* 154 *Ga.* 154 (9) (113 S. E. 391). An item of a tax levy should not be classified as one falling under § 508 of the Code, where the liability represented thereby

7

is a part of the usual, ordinary, annual expense of the county. *Seaboard Air-Line Ry. Co.* v. *Wright,* supra.

"County authorities may legally. levy a tax not exceeding 100 per cent. of the State tax, to pay accumulated debts and current expenses of the county, without any reference to a recommendation of the grand jury. Civil Code (1910), § 507. . . If 100 per cent. of the State tax be not sufficient to pay the accumulated debts and current expenses of the county, the authorities have power to raise a tax for county purposes, over and above the tax of 100 per cent. of the State tax, and not to exceed 50 per cent. of the State tax for the year it is levied, 'provided two thirds of the grand jury, at the first or spring term of their respective counties, recommend such tax.' Civil Code (1910), § 508; *Sheffield* v. *Chancey,* 138 *Ga.* 686 (75 S. E. 1112)." *Wright* v. *Southern Ry. Co.,* 146 *Ga.* 581 (5) (6) (91 S. E. 681) ; *Southern Ry. Co.* v. *Wright,* 154 *Ga.* 334 (1) (114 S. E. 359) ; *Blalock* v. *Adams,* 154 *Ga.* 326 (2) (114 S. E. 345) ; *Southwestern R. Co.* v. *Wright,* 156 *Ga.* 1 (2) (3) (118 S. E. 552) ; *Central of Ga. Ry. Co.* v. *Wright,* 156 *Ga.* 13 (1) (2) (118 S. E. 709) ; *Atlantic Coast Line R. Co.* v. *Grady County,* 32 *Ga. App.* 261 (122 S. E. 816) ; *Reynolds* v. *Lofton,* 18 *Ga.* 47; *Arnett* v. *Griffin,* 60 *Ga.* 349; *Barlow* v. *Ordinary,* 47 *Ga.* 639 (5).

Since the entire tax levy under consideration had included therein an item of 50 per cent. of the State tax for current expenses (no tax being levied for accumulated indebtedness), a further item of 140 per cent. for improvement of the public roads and for maintenance of chain-gang for the county, considered as a levy for current expenses, under § 507, was illegal at least to the extent that it, together with the other items for current expenses, exceeded 100 per cent. of the State tax; that is to say, items C and D, aggregating 190 per cent. of the State tax, would together be in excess of the amount allowable under this section, to the extent of 90 per cent. If the item under discussion be treated as one for a county purpose, under § 508, it should not exceed 50 per cent. of the State tax (no other tax for county purposes appearing to have been levied under this section), and, under the limit fixed in that code section, would still be illegal to the same extent as if an item of current expense. It certainly could not *at one and the same time* have been levied under *both* these sections; but even if the levy

could be thus dual in character, 50 per cent. or 2 ½ mills, together with item C, would have been all that § 507 could bear, and we would have 90 per cent., or 4 ½ mills, left for § 508. As this section could stand only 50 per cent., or 2 ½ mills, there would still remain of item D an excess of 40 per cent. of the State tax, or 2 mills, with nowhere to go. Even in this view, the levy would be to that extent excessive.

·The authorities of a county in which none of the alternative road laws of this State are of force have no power to levy a tax solely for improving or working the public roads. *Haislen* v. *Glower,* 114 *Ga.* 992 (2) (41 S. E. 48). Under the authority of *Garrison* v. *Perkins,* supra, a tax may be levied in such a county for the expense of maintaining, keeping, and equipping the force of hands obtained from the State and county; and, of course, this would include expense incurred in equipping the convicts for ordinary work on the public roads, since under the terms of the act (Ga. L. 1908, p. 1119) they are received for the purpose of being employed upon the public roads of the county. Notwithstanding this, such a county is not authorized by the act of 1908 to levy a separate and distinct tax for "improvements of the public roads." The contested item, "to pay for improvements of the public roads and for maintenance of the chain-gang for said county," does not appear to have been a general levy for maintaining, keeping, and equipping the convicts, but on its face purports to be a levy for that purpose and for the distinct purpose of improving the public roads. The latter was not a legal expense; and, an uncertain and indefinite part of the item being illegal, the whole item was rendered invalid. *Haisten* v. *Glower,* supra; Civil Code (1910), § 514. The item D would appear to be illegal on the further ground that it is a combined levy for two distinct purposes; and, assuming that both are legal when standing alone, the per cent. of each is not specified as required by the Civil Code, § 514; *McMillan* v. *Tucker,* 154 *Ga.* 154 (2) (113 S. E. 391). However, this exact point is not raised by the affidavit of illegality.

We have not overlooked the provisions of sections 654 and 655. See comments with reference to these sections in *Garrison* v. *Perkins,* supra, in which there was no decision as to whether they conferred any power of taxation. These sections were codified from the act of 1881 (Ga. L. 1880-1 p. 139), and were therefore of

force when the Supreme Court rendered its decision in *Haisten* v. *Glower*, supra, holding that there is no power of taxation for improvement of the roads in a county which has not adopted one of the alternative road laws. Indeed, the language of section 655, that the officials "shall be authorized to pay for said work out of any funds of their counties not otherwise appropriated," would seem rather to negative the right to tax specially for this purpose than authorize it, implying that such improvement should be paid out of funds *remaining* from other sources. *Bults County* v. *Jackson Banking Co.*, 136 *Ga.* 719 (4) (71 S. E. 1065).

This is not to rule whether the proper authorities may not amend the tax levy by striking therefrom the objectionable language, "to pay for improvements of the public roads," and also so as to bring the then remaining purpose of the levy, "for maintenance of the chain-gang for said county," within the limits pointed out above. This question is not now for decision. See *Sullivan* v. *Yow*, 125 *Ga.* 326 (54 S. E. 173) ; *Wright* v. *Southern Ry. Co.*, 137 *Ga.* 801 (74 S. E. 529) ; *McMillan* v. *Tucker*, supra; *Clements* v. *Powell*, 155 *Ga.* 278 (10) (116 S. E. 624) ; *Southwestern R. Co.* v. *Wright*, 156 *Ga.* 1 (4) (118 S. E. 552).

The act of 1920 (Ga. L. 1920, p. 58), amending § 389 of the Civil Code, properly construed, gave the counties no additional power of taxation. Its purpose was to permit counties having a chain-gang, in their discretion, to purchase material for and use the convicts in building or repairing any public building, bridge, causeway, or other public works, whatever the cost might be, where theretofore, except as to work costing less than $300, it had been mandatory, under the law, that such work be let out by contract. The act merely allowed a different method of having an improvement made for which the counties were already empowered to levy a tax. See *Blalock* v. *Adams*, 154 *Ga.* 326 (4) (114 S. E. 345). Apparently the act has no reference whatever to the improvement of public roads as distinguished from bridges and other public works.

Items A and B are irrelevant to the present consideration. *Sullivan* v. *Yow*, supra; *Gaines* v. *Dyer*, 128 *Ga.* 585 (6 *c*) (58 S. E. 175).

In any correct view the tax levy was excessive to the extent of 90 per cent. of the State tax, or 4 ½ mills, and the whole of *item*

D was illegal because it combined two subjects in a single item, one of which is bad, and it is impossible to determine the extent of the tax which would otherwise be legal.

The trial judge erred in not sustaining the illegality.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*