## 15922.  SEABOARD AIR-LINE RAILWAY COMPANY v. WRIGHT, comptroller-general.

The tax levy for "current expenses" and for "county purposes" combined having exceeded by one mill the seven and one half mills allowed by law, the affidavit of illegality, to the extent of such one mill, was meritorious.

DECIDED MAY 19, 1925.

Affidavit of illegality of execution; from Liberty superior court —Judge Sheppard.   September 15, 1924.

After a grand-jury recommendation that the levy of county taxes for Liberty county for 1922 should be fixed at 10 mills, the county commissioners, by resolution, levied this and an additional amount for certain other purposes, totalling 12-¾ mills, dividing the items as follows:

1.   For building and repair of roads, 4 mills.

2.   To repair, court-house, or jails, bridges, or other public improvements according to contract, ¼ mill.

3.   To pay sheriff's, jailor's, or other officers' fees that may be due for care of the jail, ¼ mill.

4.   To pay expenses of the county for bailiffs at court, non-resident witness fees in criminal cases, fuel, servant hire, stationery, salary of officers due by the county, and the like, 1-½ mills.

5.   To provide necessary sanitation, including expenses of eradication of cattle-tick, 3-½ mills.

6.   To pay any other lawful charge against the county, ¼ mill.

7.   For educational purposes, upon requisition from the board of education of Liberty county, 3 mills.

To the levy of a tax execution issued by the comptroller-general, the defendant in fi. fa. filed an affidavit of illegality, attacking the tax levy made by the county, on the following grounds:  (1) That the levy for "current expenses" and county expenses in items 1, 3, 4, 5, 6, and 7 of the levy, amounting to 12-½ mills, was in excess of the 150 per cent. of the State tax of 5 mills, amounting to 7-½ mills, which could be lawfully levied.  (2) That items 1, 3, 4, and 7 of the levy, amounting to 8-¾ mills, covering general "current expenses," exceed the lawful 5 mills, 100 per cent. of the State tax of 5 mills being the maximum which could be lawfully levied.  (3) That item 5 of 3-½ mills for sanitation and eradication of the cattle-tick, being for a "county purpose," exceeds the lawful

2-½ mills, and that only 50 per cent. of the State tax of 5 mills could be lawfully levied for such purpose.

The case was tried by the judge, without a jury, upon an agreed statement of facts, from which it appeared, as to item 1, that Liberty county operated under the "alternative road law," and that the levy and expenses in this item were part of the system for raising regularly and annually, by county-wide taxation, funds for defraying the expenses of building, repair, and maintenance of such roads; as to item 4, that "salary of officers" referred to "regular salaries of officers fixed by law and chargeable to [the] county as a part of its regular annual expenses;" as to item 5, that this related to "the purpose of raising the necessary funds to defray the expenses incident to the eradication of the cattle-tick," and "in the business of dipping the cattle of the county," in accordance with the statute upon that subject; and as to item 7, that the levy and expenses were for "maintaining the system" of "regularly and annually" raising the necessary funds for the school system provided by the State laws. The court overruled and dismissed the affidavit of illegality, and the defendant excepted.

*Conyers & Wilcox,* for plaintiff in error.

*W. C. Hodges,* contra.

JENKINS, P. J.  1.  "County authorities may legally levy a tax not exceeding 100 per cent. of the State tax, to pay accumulated debts and current expenses of the county, without reference to a recommendation of the grand jury.  Civil Code (1910), § 507."  *Wright* v. *So. Ry. Co.,* 146 *Ga.* 581 (5) (91 S. E. 681); *Sheffield* v. *Chancy,* 138 *Ga.* 677 (75 S. E. 1112); *Blalock* v. *Adams,* 154 *Ga.* 326 (114 S. E. 345); *So. Ry. Co.* v. *Wright,* 154 *Ga.* 334 (114 S. E. 359).  The proper county authorities "can levy 100 per cent. of the State tax to pay current expenses" alone, but a levy for both such "current expenses" and "accumulated debts," by virtue of section 507, must not exceed 100 per cent. of the State tax, fixed at a maximum of 5 mills.  Civil Code, § 6552. The tax authorized by section 507, however, is an extra or special tax, and is in addition to the tax which the county can levy, under the recommendation of the grand jury, for "county purposes," under section 508 of the Civil Code, limited to 50 per cent. of the State tax.  *Cen. of Ga. Ry. Co.* v. *Wright,* 156 *Ga.* 13 (1, 2), 15 (118 S. E. 709); *Wright* v. *So. Ry. Co.,* supra (6);

*Southwestern R. Co.* v. *Wright,* 156 *Ga.* 1 (2, 3) (118 S. E. 552);
*So. Ry. Co.* v. *Wright,* 154 *Ga.* 334 (114 S. E. 359).

Thus, the county can levy up to 100 per cent. of the State tax
for "current expenses" and accumulated debts, or for current ex-
penses alone, and, with the recommendation of the grand jury, can
add thereto up to 50 per cent. of the State tax for "county pur-
poses." But the total levy for such combined purposes must not
exceed 150 per cent. of the State tax.

2. "The expression 'current expenses,' as used in section 507
of the Civil Code, and the expression 'county purposes' in sec-
tion 508, are not the same in meaning and effect. Current expenses
all fall under the head of county purposes, within the meaning
of the latter expression as used in section 508; but there are
certain county purposes for which a tax may be levied by the
county authorities that are not current expenses. . . It may be
said generally that 'current expenses' include the ordinary ex-
penses of the county arising during the year for which the tax is
levied, and 'county purposes' include all purposes for which county
taxation may be levied; that is, the ordinary expenses of the
county and the unusual and extraordinary expenses as well."
"All of the items included in section 513 of the Civil Code are
included within the term 'county purposes.'" "Items 3, 4, 5,
6, and 7 of section 513 of the Civil Code fall under the head of
'current expenses.' . . Items 8 and 9 of section 513 may or
may not fall under the head of 'current expenses.'" *Seaboard
Air-Line Ry. Co.* v. *Wright,* 157 *Ga.* 722 (1, 2, 3), 725 (122 S. E.
36).

(*a*) The court expenses and officers' fees, referred to in items
3 and 4 of section 513, if lawfully incurred, come under the head
of "county purposes," and are also "current expenses" when "a
part of the usual, ordinary annual expense of the county." *Sea-
board Air-Line Ry. Co.* v. *Wright,* supra.

(*b*) "Charges for educational purposes," referred to in item 8
of section 513, "become a current expense where the county adopts
or has adopted a system of schools provided for in the laws of
this State upon that subject, and where the necessary funds for
maintaining the system are to be annually and regularly raised
by county-wide taxation." *Seaboard Air-Line Ry. Co.* v. *Wright,*
supra.

(*c*) "Item 9 of section 513, that is, to pay 'any other lawful

charge against the county,' may or may not fall under the head of 'current expenses,' accordingly as the county purpose for which the tax there specified and levied is a regular, ordinary expense or not." *Seaboard* v. *Wright,* supra.

(*d*)    "The levy of a tax for tick eradication is one for a county purpose, and the sum of this tax and other items of county taxation must not exceed 50 per cent. of the State taxation, except as otherwise provided by law." *Carter* v. *Shingler Realty Co.;* 157 *Ga.* 118 (2) (120 S. E. 784); *McMillan* v. *Tucker,* 154 *Ga.* 154 (9) (113 S. E. 391).

(*e*)    "The ordinaries of the several counties have the power to levy an extra tax sufficient to carry into effect sections 399 and, 400 [of the Civil Code], without a recommendation by the grand jury, whenever the necessities arise." Civil Code (1910), § 504. The sections thus referred to provide for the erection, keeping in order, and repair of the "county buildings," court-houses, and jails, and the furnishing of each with necessary furniture and a safe or safes.    Thus, although it is the general rule that "the items included in section 513 of the Civil Code are included within the term 'county purposes'" (*Seaboard Air-Line Ry. Co.* v. *Wright,* supra), and although section 513, enumerating certain "county purposes" for which county taxes shall be assessed, includes in its second item, as one of such purposes, "to build or repair court-houses or jails, bridges or ferries, or other public improvements, according to the contract," taxes for such special purposes have been held not to come within the purview of section 508, allowing a levy of 50 per cent. of the State tax for "county purposes" when two thirds of the grand jury so recommend, do not require the recommendation of a grand jury, and are not to be estimated "in determining whether the tax levy exceeded 50 per cent. of the State tax." *Gaines* v. *Dyer,* 128 *Ga.* 586 (6 (c)), 593, 594 (58 S. E. 175); *Sullivan* v. *Yow,* 125 *Ga.* 326, 327, 328 (54 S. E. 173).

(*f*)    Code section 696 as amended (Ga. L. 1911, p. 56) provides that the commissioners of roads, or the ordinary, shall levy a tax *additional to any now authorized by law,* of not more than four-tenths of one per cent. on all the taxable property of the county, 4 mills, as a fund for the working, improving, and repairing of its public roads.    This levy has been held to be not "dependent upon the action of the grand jury, and therefore the amount

levied for this purpose is not to be considered in determining whether the tax levied for ordinary county purposes has exceeded 50 per cent. of the State tax." *Sullivan* v. *Yow,* supra.

3. Under the foregoing rules, the items included in the levy made by the county commissioners, which were "current expenses" within the meaning of section 507, authorizing a levy of 100 per cent. of the State tax of 5 mills, are as follows:

Item 3.   Sheriff's, jailor's, or other officers' fees due
for care of the jail (Item 3, § 513) ................ ¼ mill

Item 4.   Expenses for bailiffs at court, nonresident
witness fees in criminal cases, fuel, servant hire, station-
ery, salary of officers due by the county (Item 5, § 513),
which the agreed statement of facts recites were "reg-
ular annual expenses," ..........................1-½ mills

Item 7.   For educational purposes, which it was
agreed were part of a regular annual practice of rais-
ing funds for the school system provided under State
laws ...........................................3    mills

_____

Total, 4-¾ mills

While as to item 6 of the levy,—"to pay any other lawful charge against the county, ¼ mill" (Item 9, § 513),—it does not appear from the language of the levy or the agreed statement of facts whether this item was intended to cover the "regular, ordinary expense" annually levied, it will be assumed that such was its intent and purpose, since "all presumptions are in favor of the legality and validity of a tax" (*Blalock* v. *Adams,* supra; *S. A. L. Ry. Co.* v. *Wright,* 32 *Ga. App.* 258, 122 S. E. 900), and since by adding this item to the 4-¾ mills of other "current expenses" levied, its levy may be held legal, for the reason that the aggregate of items levied for "current expenses" would not exceed the lawful 5 mills, authorized under section 507.

(*a*)   As to item 1 of the levy, "for building and repair of roads, 4 mills," and item 2, "to repair, court-house, or jails, bridges, or other public improvements according to contract, ¼ mill" (these being in item 2, § 513), such items are not included among those in section 513 which the Supreme Court has in terms held to be "current expenses" (*Seaboard Air-Line Ry. Co.* v. *Wright,* supra); nor are they such "county purposes" as require the recommenda-

tion of a grand jury, and estimation in determining whether or not the levy for "county purposes," under section 508, exceeds 50 per cent. of the State tax as authorized by that section (*Sullivan* v. *Yow,* supra; *Gaines* v. *Dyer,* supra); but the levy therefor was legal as an independent levy for such extra or special purposes.

(*b*)  The remaining item 5 of the levy, "to provide necessary sanitation, including expenses of eradication of cattle-tick, 3-½ mills," being "one for a county purpose," which must be estimated in determining whether a levy under section 508 exceeds 50 per cent. of the maximum State tax of 5 mills (*Carter* v. *Shingler Realty Co.,* supra; *McMillan* v. *Tucker,* supra); and the levy for "current expenses" of the county under section 507 already amounting to the 100 per cent. of the State tax of 5 mills—even if it were proper to treat this item as one of annual "current expense" in the absence of anything in the statement of facts showing such fact—such item of 3-½ mills exceeded by one mill the maximum 50 per cent. of the State tax of 5 mills, allowed for "county purposes" under section 508, in addition to the 100 per cent. of such State tax allowed for "current expenses" and "accumulated debts" under section 507.  For this reason alone, it was error to overrule and dismiss the affidavit of illegality.

*Judgment reversed.  Stephens and Bell., JJ., concur.*