## HANKS, commissioner, *et al. v.* D'ARCY.

1. The act of the legislature approved August 19, 1922, entitled " An act to confer upon the several counties of this State the authority to levy taxes for educational purposes, to provide for the employment and pay of county agents and home-demonstration agents," etc. (Ga. Laws 1922, p. 81), is not violative of the provisions of art. 8, sec. 4, par. 1, of the constitution of the State of Georgia, in that the act purports to give county authorities the right to levy taxes within the independent school districts.
2. The levy of the county-wide tax sought to be enjoined was authorized by the act above referred to, and the court erred in granting the injunction.

No. 3740. July 12, 1923.

Injunction. Before Judge Wright. Floyd superior court. April 23, 1923.

*Nathan Harris* and *Willingham, Wright & Covington,* for plaintiffs in error.

*G. E. Maddox* and *Denny & Wright,* contra.

BECK, P. J. Acting under the authority of the act of the General Assembly of Georgia, approved August 19, 1922, purporting to give authority to counties to levy taxes for educational purposes in the employment of county agents and home-demonstration agents (Acts 1922, p. 81), the board of commissioners of roads and revenues of Floyd County, in connection with the board of education of that county, adopted certain resolutions contemplating the levy of a county-wide tax, in addition to all other taxes levied by them, under the provisions of that act, for the purpose of employing such agents in Floyd County, such tax to be county wide and to be levied upon not only the property of taxpayers lying outside of the independent school district of the City of Rome, but as well upon property within the confines of such independent school district. D'Arcy, as a resident and taxpayer of the City of Rome, an independent school district, brought his petition for injunction against the board of commissioners of roads and revenues and the board of education, alleging the unconstitutionality of the act of 1922, as sought to be applied by them, alleging their intended purpose to be to levy such county-wide tax under the authority of this act (which allegations were all admitted by the defendants), and praying an injunction against the defendants from in any wise carrying out their threat to so levy

and impose this tax. The defendants filed an answer; and the judge of the lower court, passing upon the case as presented by the petition and answer, granted the injunction, and the case is now here before this court for review.

It is contended by the defendant in error, the plaintiff in the court below, that it was the intent of the framers of the constitution to make article 8 of the constitution of this State, as it now stands, exhaustive of the power of the General Assembly to delegate the right to levy taxes for educational purposes, and that the act approved August 19, 1922, entitled "An act to confer upon the several counties of this State the authority to levy taxes for educational purposes, and to provide for the employment and pay of county agents and home-demonstration agents," etc., is unconstitutional if construed to authorize the tax contemplated by the resolution in question. The act of August 19, 1922, reads as follows: "'An act to confer upon the several counties of this State the authority to levy taxes for educational purposes, to provide for the employment and pay of county agents and home-demonstration agents, to provide for the employment and payment of agricultural teachers and home-economics teachers in the vocational high schools of the State, and for other purposes. Section 1. Be it enacted by the General Assembly of Georgia, and it is hereby enacted by the authority of the same, that power is hereby delegated to and conferred upon the several counties of this State to levy and collect taxes for educational purposes in such amounts as the county authorities shall determine, the same to be appropriated to the use of the county board of education, and the educational work directed by them. Sec. 2. Be it further enacted, That the boards of education of the several counties of this State may employ and pay county agents and home-demonstration agents to carry on the extension work in agriculture and home economics under the provisions of the acts of Congress, approved May 8th, 1914 (Barnes' Federal Code, 8413-8414-8518), the State's acceptance of the same approved August 14, 1914. Also may employ and pay agricultural teachers and home-economics teachers when employed in the consolidated schools of the counties under provisions of the vocational-educational act of Congress of February 23rd, 1917, and acts of Georgia approved August 21st, 1917." Section 3 repeals conflicting laws. The resolution adopted by the board of education of Floyd County the 22d day

of January, 1923, was, in substance, that a certain named person be employed by the board as farm-demonstration agent of Floyd County, in accordance with the acts of Congress and the General Assembly of the State of Georgia, referring to the act of August 19, 1922; and also provided for the salary of the demonstration agent and the salary of a certain named person as home-demonstration agent; and the board of commissioners of roads and revenues of Floyd County were requested to act in co-operation with them in carrying out the resolution. The board of commissioners of roads and revenues of the county, in a resolution reciting the substance of the resolution passed by the board of education, agreed to comply with the recommendation to make a levy at the time of the levy of taxes for the year 1923, sufficient to pay the farm-demonstration agent and the home-economics agent, and that this tax should be levied on the entire digest of Floyd County.

The act of August 19, 1922, set forth above, needs no construction to make it applicable to the action taken by the two boards in reference to the subject there dealt with. It distinctly and plainly delegates to the several counties of this State the power to levy and collect taxes for educational purposes in such amounts as the county authorities shall determine, the same to be appropriated to the use of the county board of education and educational work directed by them. And the second section of the act authorized the board of education of the several counties to employ and pay county agents and home-economics agents, etc. And it is also manifest from the general terms employed that the tax levied is to be upon the property generally in the county, "county wide," and that it was not contemplated that it should be levied only upon the property of taxpayers lying outside the independent school districts that might be in existence in the county where such tax was levied. Is the act thus construed (or rather stated, for no construction is necessary) violative of article 8, section 4, paragraph 1, of the constitution of the State of Georgia, in that the same purports to give county authorities the right to levy taxes within the independent local school districts, and without making provision for an election to be held within any independent local school district? This paragraph, after the amendment of 1919 (Ga. L. 1919, p. 66; Park's Code Supp. 1922, §

· 6579), is as follows: " Authority is granted to the counties and municipal corporations, upon the recommendation of the corporate authority, to establish and maintain public schools in their respective limits by local taxation. The proper county authorities whose duty it is to levy taxes for county purposes in this State shall, on the recommendation of the board of education, assess and collect taxes for the support of public schools under its control, not less than one nor more than five mills on the dollar of all taxable property of the county outside of independent local systems which shall be distributed equitably according to the school population, tax values, the number of teachers and the grade of license, among the public schools therein. An additional levy to that already allowed, not to exceed five mills, shall be permissible in independent local systems, municipalities, or school districts, on a two-thirds vote of those voting. No additional election shall be required to maintain any local school tax now in existence in districts, counties, or municipalities; provided this bill [paragraph] shall not apply to counties having a local school system of taxation adopted prior to the constitution of 1877."

This clause of the constitution deals with the subject of local taxation for public schools.

In the case of *Bowers* v. *Hanks,* 152 *Ga.* 659 (111 S. E. 38), it was said: " Under the constitution of 1877, as originally written, the legislature could only delegate to counties the power to levy a tax for 'educational purposes in instructing children in the elementary branches of an English education only.' The legislature was without authority to authorize the counties to levy a tax for any other educational purpose. Under this provision of the constitution, as amended in 1910 (Ga. Laws 1910, p. 45), the legislature has power to authorize the counties to levy a tax for educational purposes generally. So, if a county demonstration agent is engaged in carrying out an educational purpose, the legislature can authorize the counties to levy a tax for such purpose." The writer of the opinion in that case goes further, in the discussion of the question, to demonstrate that the appointment of the county-demonstration agent and the other agent referred to in the act legitimately falls within the purview of the expression " educational purposes." A part of what was said in that opinion may have been obiter, but we are of the opinion that

the conclusion reached is authorized, when we give the words "education" and "educational" the broad and extended meaning authorized by the definition of lexicographers. Article 7, section 6, paragraph 2, of the constitution of this State reads as follows: "The General Assembly shall not have power to delegate to any county the right to levy a tax for any purpose, except for educational purposes; to build and repair the public buildings and bridges; to maintain and support prisoners; to pay jurors and coroners, and for litigation, quarantine, roads, and expenses of courts; to support paupers and pay debts heretofore existing; to pay the county police, and to provide for necessary sanitation." As originally written into the constitution of 1877, the paragraph of the constitution under consideration read just as written above, except that following the expression "educational purposes" there were the words, "in instructing children in the elementary branches of an English education only." Speaking for myself, I have much doubt as to whether the elimination from this section of the constitution of the words last quoted was intended to have the effect to give the expression "educational purposes" the broad and extended meaning which the legislature seemed to have put upon it in passing the act of August 19, 1922. Doubts necessarily arise as to whether or not the section of the constitution last referred to is not to be construed in the light of the provisions of the first section of the constitution quoted, and limited by that, so as to make the expression "educational purposes," as it now stands in the constitution in article 7, section 6, paragraph 2, mean education as given in our public schools. But the existence of this doubt does not authorize us to declare the act unconstitutional. Before we are authorized to declare an act unconstitutional, it must appear that it is so beyond a doubt. If its constitutionality is doubtful, the act must have the benefit of the doubt. And when we consider the broad scope of the expression "educational purposes," and especially when we consider that the words "in instructing children," etc., which formerly followed the expression "educational purposes," was stricken from the clause of the constitution as it was originally written and adopted, we are of the opinion that we can not go to the extent of saying that, beyond a doubt, the purpose contemplated and accomplished in authorizing the appointment of the county agent and home-eco-

nomics agent lies beyond the scope of the words empowering the counties to levy a tax. The question in this case is practically settled by the ruling in the case of *Bowers* v. *Hanks,* supra, but we thought it best to set forth, in immediate connection with one another, the provisions of the constitution and the act of the legislature which we have held to authorize the levy of the tax in question.　　　　　*Judgment reversed. All the Justices concur.*