*Maddox, Matthews & Owens, Denny & Wright,* for defendants.

---

17174, 17175.    WRIGHT, comptroller-general, *v.* CENTRAL OF GEORGIA RAILWAY COMPANY; and *vice versa.*

2. Where it is necessary to do so in order to meet the current expenses of the county, the proper authorities may, for the purposes specified in section 508 of the Civil Code (1910), levy a tax not exceeding 50 per cent. of the State tax, without a recommendation of the grand jury. *Southwestern R. Co.* v. *Wright,* supra; *Sheffield* v. *Chancy,* 138 *Ga.* 677 (75 S. E. 1112); *Sullivan* v. *Yow,* 125 *Ga.* 326 (54 S. E. 173); *Waller* v. *Perkins,* 52 *Ga.* 234 (2); Civil Code (1910), § 510.

3. A tax to pay bonded indebtedness of the county, levied in accordance with the orders and resolutions of the proper authorities in the issuance of the bonds, is not to be considered in determining whether the authorities have exceeded the limits of § 507 and § 508, supra. *Sheffield* v. *Chancy,* supra; *Blalock* v. *Adams,* 154 *Ga.* 326 (2) (114 S. E. 345); *Arnett* v. *Griffin,* 60 *Ga.* 349.

(*a*) The same is also true of a tax for school purposes, levied in conformity with the laws providing for a county-wide local-school tax. See Ga. L., 1919, p. 337; *Sullivan* v. *Yow,* supra; *McMillan* v. *Tucker,* 154 *Ga.* 154 (6) (113 S. E. 391).

4. Applying these rulings, the tax levy was not excessive, as alleged in the affidavit of illegality. It follows that no error was committed as against the taxpayer. The judgment was erroneous, however, as against the county so far as it adjudged that the tax levy was excessive to any extent. There was no other error in the judgment.

DECIDED FEBRUARY 14, 1927.

Illegality of execution; from Morgan superior court—Judge Park. December 4, 1925.

Certiorari was granted by the Supreme Court.

This case arose upon an affidavit of illegality interposed to the

---

Counties, 15 C. J. p. 634, n. 56, 57; p. 636, n. 87; p. 637, n. 97, 98; p. 639, n. 20.

levy of a tax execution issued by the comptroller-general, for the use of Morgan county, against the Central of Georgia Railway Company. The county commissioners had levied taxes for the year 1924 as follows:

1. 27 cents on the hundred dollars for public road purposes.

2. 50 cents on the hundred dollars to pay any lawful indebtedness (referring to bonded indebtedness only as hereinafter shown).

3. 8 cents on the hundred dollars to build and repair bridges, jails and other public buildings.

4. 13 cents on the hundred dollars to pay jailor, sheriff, or other officer's fees.

5. 5 cents on the hundred dollars to pay jurors per diem.

6. 5 cents on the hundred dollars to pay bailiffs, non-resident witnesses, stationery, servants, fuel, lights and water for said county.

7. 6 cents on the hundred dollars to pay expense of the poor.

8. 6 cents on the hundred dollars for any and all other legal purposes (current expenses only as shown below).

9. 50 cents on the hundred dollars for public school purposes on all property outside the city of Madison.

The defendant paid all taxes except those levied in items 4, 5, 6, and 8. The defendant in its affidavit of illegality attacked these items as being invalid, on various grounds, as follows: 1. The county commissioners have no power to levy any tax for current expenses or for county purposes except as granted in the Civil Code (1910), §§ 508 and 510, and no recommendation of the grand jury had been made so as to authorize the levy under section 508, and there was no proof of facts rendering it lawful to levy the tax, without such recommendation, under section 510. 2. Even if a levy for current expenses or for county purposes was permissible without the recommendation of the grand jury, the levy in question was still excessive to the extent of four-tenths of a mill, the amount by which it exceeded 50 per cent. of the State tax. 3. If the levy should be construed as having been made under section 507, then to items 4, 5, 6, and 8 must be added item 2, making a total of 79 cents on the $100, with the result that the levy would exceed 100 per cent of the State tax by 29 cents on the $100, and would be to that extent illegal. 4. The tax levied in item 9 should be classed as a tax for current expense, and when

this is added to the tax levied under items 2, 4, 5, 6, and 8, the total amount levied for accumulated debts and current expenses is $1.29 on the $100, or 79 cents more than 100 per cent of the State tax, allowable under section 507, and the defendant has therefore overpaid the county "to the extent of 50 cents on the $100." By agreement the issue raised by the affidavit of illegality was submitted to the trial judge without the intervention of a jury, upon agreed facts, as follows: No recommendation was made by the grand jury, as provided in Civil Code (1910), § 508. The tax levy for the State for the year 1924 was 50 cents on the hundred. Morgan county, prior to 1924, had adopted a county-wide local-tax system for public schools, for which the board of education levied a tax of 50 cents on the hundred for the year 1924. Item 2 of the levy by the county commissioners, as set forth above, was levied "solely for the purpose of paying bonds, interest on the same, and sinking funds for bonds, all of which bonds were voted, issued, and sold prior to the year 1924." Item 8 was levied for the ordinary current expenses of the county. The county had an expense for the salaries of officers in 1924 as follows: judge and solicitor of the city court of Madison, aggregate, $2,700; county treasurer, $500; and farm demonstrator, $1,800. The value of all property in the county subject to taxation for 1924 was $4,489,112.

The trial judge sustained the affidavit of illegality to the extent of 4 cents on the $100, or 4/10 of a mill, "overruling" it otherwise.

The comptroller-general and the railway company both excepted. The contentions made in the bill of exceptions brought by the comptroller-general (No. 17174) are, that, in determining whether the levy was excessive under the law as contained in any of the above-cited code sections, the court should have deducted the amounts levied to pay the salaries of the farm demonstrator and of the judge and solicitor of the city court, as fixed by law (which amounts it is claimed were included in item 4); and should also have eliminated item 6, so far as it applied to stationery, fuel, and water (although the sum expended for these things was not shown), because section 402 of the Civil Code made it mandatory upon the commissioners to provide the same; but that irrespective of these questions, the court erred in adjudging the levy to be excessive to any extent. The contentions made in the bill of exceptions

brought by the railway company (No. 17175) are as stated above, from the affidavit of illegality.

*Q. L. Williford,* for plaintiff.

*Harris, Harris & Popper, Anderson & Wood,* for defendant.

BELL, J. (After stating the foregoing facts.) It is to be inferred that the items of the tax levy which- are objected to in this case were classified by the learned judge of the court below as having been levied under section 508 of the Civil Code, whereas we think that with equal reason they could be regarded as having been levied under section 507. The ultimate question is whether the authority to levy them existed under either or both sections, or under any law or laws. See *So. Ry. Co.* v. *Wright,* 36 *Ga. App.* 391. Under section 507 it was permissible for the county authorities to levy a tax for accumulated debts and current expenses, or either, not to exceed 100 per cent. of the State tax, without reference to any recommendation of the grand jury. See cases cited in headnote 1. When we consider the levy, as we think it may be considered, as one authorized under section 507, and when for the purpose of determining whether it was excessive we eliminate certain items in accordance with the rulings contained in headnotes 3 and 3 (*a*) above (items 1, 3, and 7 are also to be eliminated,—*Sullivan* v. *Yow,* supra), the items which are attacked in the affidavit of illegality are well within the limit prescribed in section 507, as construed by the decisions. It follows that the judgment contained no error as against the railway company, but was erroneous as against the county, the court having improperly held that the levy was excessive to the extent of four-tenths of a mill, whereas it was not excessive to any extent. In this view, it is unnecessary to pass upon the other contentions made in behalf of the county. Nothing further need be added to what is said in the headnotes. But see, in this connection, *Central of Ga. Ry. Co.* v. *Wright,* 36 *Ga. App.* 382, 386.

The bill of exceptions brought by the railway company is termed by the company's attorneys a cross-bill. In view of the form and contents of that bill and the time within which it was brought, and also in view of the disposition which we make of the bill brought by the comptroller-general, which is unquestionably a main bill, it is immaterial whether the bill of the railway company is a main

'bill or a cross-bill. We think it can be treated as a cross-bill, irrespective of whether it might be good if classified as a main bill.

*Judgment reversed on bill of exceptions No. 17174, and affirmed on bill of exceptions No. 17175. Jenkins, P. J., and Stephens, J., concur.*