### 17268. SOUTHERN RAILWAY COMPANY *v.* WRIGHT, comptroller-general.

The plaintiff in error in this case attacked a tax levy upon the ground that certain items levied for accumulated debts and current expenses, amounting to more than 100 per cent. of the State tax, but less than 150 per cent. of that tax, were illegal so far as they exceeded 100 per cent. of the State tax, solely because there was no recommendation of the grand jury, in pursuance of section 508 of the Civil Code, authorizing such excess and because there was no proof of any facts rendering such recommendation unnecessary within contemplation of section 510. *Held:* The additional tax of 50 per cent. of the State tax, which may be levied under section 508 with a recommendation of the grand jury, may be levied without such recommendation where it is necessary to do so in order to meet the current expenses of the county; and after the assessment has been made, such necessity will be presumed, in the absence of anything to the contrary. "All presumptions are in favor of the legality and validity of a tax."

DECIDED FEBRUARY 14, 1927.

Affidavit of illegality of execution; from DeKalb superior court —Judge Hutcheson. February 20, 1926.

Certiorari was granted by the Supreme Court.

*McDaniel & Neely,* for plaintiff in error. *L. J. Steele,* contra.

Counties, 15 C. J. p. 634, n. 56; p. 635, n. 85; p. 639, n. 20.
Taxation, 37 Cyc. p. 1069, n. 20.

BELL, J. In the year 1923, the sole commissioner of DeKalb county levied taxes as follows:

1. 35 cents on the $100 to pay the legal indebtedness due and to become due during the year 1923.

2. 20 cents on the $100 to build or repair court house or jail, bridges, and ferries.

3. 10 cents on the $100 to pay sheriffs.

4. ¼ of a cent on the $100 to pay coroner.

5. 2 cents on the $100 to pay the expenses of the county for bailiffs, non-resident witnesses, fuel, stationery, etc.

6. 3 cents on the $100 to pay jurors.

7. 2-¾ cents on the $100 to pay expenses in supporting the poor.

8. 40 cents on the $100 to pay for public works and chain-gang.

9. 15 cents on the $100 to pay any and all lawful charges against said county.

10. 22 cents on the $100 to pay interests on the bonded debt and provide a sinking-fund.

The Southern Railway Company paid all the taxes required of it except a certain amount which it claimed was illegal, and, upon a levy being made upon its property for the balance, it filed an affidavit of illegality, attacking items 1, 3, 4, 5, 6, and 9, aggregating $6.525 per thousand, as being illegal to the extent of $1.525 per thousand, by which the amount levied in these items exceeded 100 per cent of the State tax of 5 mills or $5 per thousand. The case as made by the affidavit of illegality was heard by the judge of the superior court without the intervention of a jury upon agreed facts as follows: The allegations of fact (not the conclusions) contained in the affidavit of illegality are true. In the year 1923 there was a debt against DeKalb county, which had accrued prior to that year, for the purpose of paying which the commissioner levied a tax of $3.50 per thousand as set forth in item 1 of the levy in question. There has never been any recommendation of the grand jury, authorizing the levy of any tax either for the year 1923 or for any other year. The court "overruled" the affidavit of illegality and ordered that the fi. fa. proceed, and the railway company excepted.

The plaintiff in error in this case does not contend, as did the railway company in the two cases between *Central of Georgia Rail-*

*way Company* and *Wright,* comptroller-general, No. 17174 and No. 17448, this day decided (ante, 382, 386), that county authorities cannot under any circumstances levy a tax for current expenses or for county purposes to exceed 50 per cent. of the State tax, in contemplation of section 508 of the Civil Code. But in the present case counsel for the plaintiff in error say in their brief that "The only question for decision is, whether or not a county in any given year can levy taxes for past-due indebtedness and current expenses, or general county purposes, in excess of 100 per cent. of the State tax, without a recommendation of the grand jury, and in the absence· of showing that the excess is necessary to make up a sum sufficient to discharge 25 per cent. of the accumulated debt, or that there is a mandamus requiring the levy, or a judgment?" Counsel concede that "when debts have accumulated against the county, a levy of 100 per cent. of the State tax, but no more, can be levied to pay the current expenses and the debt," and that it is permissible to levy 150 per cent. of the State tax to pay current expenses and debts, "provided that as to the extra 50 per cent. over and above a 100 per cent. there is a recommendation of the grand jury." It thus appears that the only insistence of counsel for the plaintiff in error is that, although the items which are brought into question were authorized under the Civil Code, § 507, up to 100 per cent. of the State tax, or $5 per thousand, the entire remainder of $1.525 was in excess of the amount which it was permissible to levy under that section, and that this remainder can not be sustained, either under section 508 or under section 510, because there was no recommendation of the grand jury authorizing it as a tax "over and above the tax" elsewhere provided for, and because there was no proof of the necessity of levying such excess, so as to warrant the levy without such recommendation. The company is complaining solely because the grand jury made no recommendation in pursuance of section 508, and because there was no proof of any facts rendering such recommendation unnecessary within contemplation of section 510.

The additional tax of 50 per cent. of the State tax, which may be levied under section 508 with a recommendation of the grand jury, may be levied without such recommendation where it is necessary to do so in order to meet the current expenses of the county. Civil Code (1910), § 510; *So. Ry. Co.* v. *Wright,* 154 *Ga.* 334

(114 S. E. 359); *Southwestern R. Co.* v. *Wright,* 156 *Ga.* 1 (118 S. E. 552); *Sullivan* v. *Yow,* 125 *Ga.* 326 (54 S. E. 173). And such necessity will be presumed, in the absence of anything to the contrary. "All presumptions are in favor of the legality and validity of a tax." *Blalock* v. *Adams,* 154 *Ga.* 326 (3) (114 S. E. 345). Although the reverse may not be true, a tax for "current expenses" (see § 507) is a tax for "county purposes" (see § 508), and if the levy of 150 per cent. of the State tax for current expenses was otherwise lawful, it would not be invalid merely because the power to levy it was not derived altogether from section 507, a part of the tax being authorized under that section and the remainder being authorized by section 508. Anything that this court may have said to the contrary in *Central of Ga. Ry. Co.* v. *Wright,* 33 *Ga. App.* 96 (see bottom of page 98 and top of 99) (125 S. E. 520), is not sound law and will not be followed. While, for the purpose of determining whether a tax is authorized, it may be pertinent to classify the tax as falling under one or the other of these two sections, the ultimate question is whether the authority to levy it existed under one or the other of these sections, or under any law or laws.

We think the sole contention made is controlled adversely to the plaintiff in error by the authorities cited above, and hence see no reason to reverse the judgment.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*