18354, 18355, 18356.    CENTRAL OF GEORGIA RAILWAY COMPANY *v.* TERRELL COUNTY *et al.*

1. "A county, after having adopted the alternative road law as embodied in the Civil Code (1910), §§ 694 et seq., and after having levied the maximum rate of four dollars per thousand for the maintenance of the public roads of the county, can not levy an additional or special tax for that purpose."

(a) An uncertain, indefinite, and indeterminate part of item 9 of the 1924 levy being for supporting and maintaining convicts while repairing bridges and causeways, that entire item is void, and the court erred in not sustaining the affidavit of illegality as to it.

2. For no other reason assigned did the court commit error in any of the three cases under consideration.

DECIDED JANUARY 7, 1928.

Affidavits of illegality of executions; from Terrell superior court —Judge Yeomans. June 15, 1927.

*H. A. Wilkinson, A. R. Lawton Jr.,* for plaintiff in error.

*M. C. Edwards,* contra.

LUKE, J. The Central of Georgia Railway Company filed in the superior court of Terrell county, Georgia, its affidavit of illegality to the levy of a tax fi. fa. issued by William A. Wright, comptroller general of Georgia, to collect $215.78 and interest, claimed to be due Terrell county as taxes for the year 1924. All issues of fact and law were submitted to the judge of the superior court of Terrell county upon the following agreement and statement of facts: 1. "All issues of law and fact are to be submitted to the judge of the superior court of Terrell county, and his successors in office, who shall decide all questions of law and fact without the intervention of a jury, and shall be empowered to hear the case in term or vacation and to render decrees in term or vacation (without any special order in term time), from which decree an appeal may be taken by either party. 2. L. A. Downs was president of Central of Georgia Railway Company, and was

---

Counties, 15 C. J. p. 638, n. 1, 15; p. 639, n. 20.

president when the affidavit of illegality was made and filed. Exhibits 'A' and 'B' attached to the affidavit of illegality are correct copies of the original. 3. The State tax for 1924 was five dollars ($5) a thousand, or five mills. The valuation of Central of Georgia Railway Company's property in Terrell county for taxing purposes in 1924 was $53,944. 4. The Central of Georgia Railway Company paid to Terrell county all of its taxes for 1924, except $215.78. 5. The grand jury was impaneled at the spring term, 1924, of the superior court of Terrell county. The grand jury made its general presentments and adjourned without making any recommendations concerning the levy of any county tax for the year 1924. There were no unsatisfied final judgments against the county, nor had any mandamus been granted requiring the county to pay any debt. The county had outstanding against it debts incurred prior to the year 1924, amounting to $50,000 principal. None of these debts had been incurred as the result of a public election. Of the $50,000 approximately $12,000 were for borrowed money, which had been running through a period of years, and the remainder, approximately $38,000, were for supplies of all kinds purchased by the county in operating its chain-gang, building and repairing roads and bridges, feeding convicts, and such other things as are usual in road construction. The assessed value of all property on the county tax books for the year 1924 was $4,605,269. Fifty per cent. of the State tax, or $2.50 per thousand on the same, was not sufficient to discharge it (the above indebtedness); and one hundred per cent. of the State tax, or $5 per thousand, was not sufficient to discharge this accumulated indebtedness, and to pay the ordinary, regular, current expenses of the county of Terrell for the year, as set out in items 3, 4, 5, 6 and 7 of the order levying the tax. 6. The tax of two mills levied under item 1, 'to pay the legal indebtedness due, or to become due, during the year 1924, or past due, and to care for the casual deficiency,' was intended to discharge in part the debt of approximately $50,000 incurred prior to 1924, as above referred to, and also to meet casual deficiency and current expenses. 7. The proceeds of the levy made in items 3, 4, 5, 6, and 7 of the order were intended to be used to discharge the ordinary, regular, current expenses of the county during the year for which the tax was levied and for the purpose named in said items.

8. Terrell county was operating under the so-called alternative road law to be found in sections 694 to 704 inclusive of Park's Code of Georgia, and the levy in item 10 of the order was made under authority of that law." The order of the commissioners of roads and revenues for said county, providing for the tax levy, is as follows: "That twenty (20) mills on the dollar of the taxable property in said county as per digest of 1923 be and the same is hereby levied, and that the same be collected by the tax-collector for the following, purposes, to wit: 1st. That two (2) mills on the $1.00 be levied to pay the legal indebtedness due, or to become due during the year 1924, or past due, and to care for the casual deficiency. 2d. Two (2) mills on the $1.00 to repair court-house, jails, and build and repair other public buildings. 3d. One and one half (1-1/2) mills on the $1.00 to pay sheriffs, jailors, county police or other officers' fees that they may be legally entitled to, out of the county. 4th. One tenth (1/10) of a mill on the $1.00 to pay coroner's fees that may be due them by the county for holding inquests. 5th. Two fifths (2/5) of a mill on the $1.00 to pay the expenses of the county for bailiffs at court, non-resident witnesses in criminal cases, fuel, servant's hire, stationery and the like. 6th. One (1) mill on the $1.00 to pay jurors a per diem compensation. 7th. One half (1/2) of a mill on the $1.00 to pay expenses incurred in supporting the poor of the county, and as otherwise prescribed by law. 8th. School tax. Levied on recommendation of the county board of education. (a) County-wide tax (except in the City of Dawson) five (5) mills on the $1.00. Also in addition the following district tax: (b) Bronwood consolidated school district, five (5) mills on the $1.00. (c) Graves school district, two and one half (2-1/2) mills on the $1.00. (d) Herod school district, two and one half (2-1/2) mills on the $1.00. (e) Pleasant Hill school district, five (5) mills on the $1.00. (f) Sasser school district, four (4) mills on the $1.00. (g) Yeomans school district, four (4) mills on the $1.00. 9th. Three and one half (3-1/2) mills on the $1.00 for purchasing material for building and repairing bridges, causeways, and other public works, and supporting and maintaining the convicts while doing said work. 10th. Four (4) mills on the $1.00 to pay the expenses incurred in opening up, improving, and maintaining the public roads of said county. Making in the aggregate the sum of fifteen (15) mills on the $1.00

on the taxable property of said county for county purposes; also five (5) mills on the $1.00 on all taxable property in the county (except the City of Dawson) for educational purposes; also on the property in the school districts above named the additional tax specified. This September 2d, 1924."

The trial judge rendered the following opinion, order, and judgment: "The above-stated case coming on regularly for a hearing in open court, and by agreement of counsel being submitted to the judge for final determination in this court on both the law and the facts, without the intervention of a jury, and the facts having been agreed upon by counsel, the judge hereby finds against the affidavit of illegality, and the fi. fa. is ordered to proceed, and judgment rendered against Central of Georgia Railway Company for $       costs." To this judgment the Central of Georgia Railway Company duly excepted. These three cases involving the legality of tax levies made in Terrell county for the years 1924, 1925, and 1926, respectively, involve largely the same question of law and fact. Therefore, they will be considered together.

The affidavits of illegality filed to the 1924 and 1925 levies question the first item of the levy for those years. Item 1 of the 1924 levy is: "That two (2) mills on the $1.00 be levied to pay the legal indebtedness due or to become due during the year 1924, or past due, and to care for the casual deficiency." It appears from the statement of facts that this levy "was intended to discharge in part the debt of approximately $50,000 incurred prior to 1924, as above referred to, and also to meet casual deficiency and current expenses." The affidavit alleges that this item is void because: (*a*) "The proceeds of the levy were not to be used to discharge lawful debts of the county." (*b*). "There was no debt in existence in connection with any casual deficiency. The county had made no 'temporary loan to discharge casual deficiencies of revenue.' No casual deficiency in fact existed. The levy for 'casual deficiency' was therefore void, and an uncertain, indefinite, and indeterminate part of the levy in item 1 being void, the entire levy is void." (*c*) "The obligations to be discharged from the proceeds of the levy had not been incurred with the assent of two thirds of the qualified voters of the county, . . and no tax could be levied to discharge them without the recommendation of the grand jury."

Bearing in mind that "All presumptions are in favor of the legality of a tax" (*Blalock* v. *Adams*, 154 *Ga.* 326 (3) (114 S. E. 345)), and that the burden rests upon the party attacking it to make good his contentions, we hold that the levy is not void for the reason assigned in (*a*) supra. No facts to sustain the conclusion asserted are indicated, and we can not fairly say from a search of the record that such facts exist.

Objection (*b*) to item 1 of the levy is substantially this: The levy is void because an indefinite and indeterminate part of it, to wit that part for "casual deficiency," is void for designated reasons. Those reasons are: (1) There was no existing debt in connection with any casual deficiency. (2) The county made no temporary loan to supply casual deficiencies of revenue. (3) No casual deficiency in fact existed. We fail to find in the record evidence to sustain any one of the reasons asserted; and since the invalidity of the entire item is based upon the proposition that the levy for "casual deficiency" is void, we are constrained to overrule this ground of the affidavit of illegality.

It does not appear from the record that the levy in item 1, supra, required either a recommendation of the grand jury, or a plebiscite. See in this connection *Central of Georgia Ry. Co.* v. *Wright*, 165 *Ga.* 1 (139 S. E. 890).

The next objection is that item 9 of the 1924 levy is void because an uncertain, indefinite, and indeterminate portion thereof, to wit that part of the tax "for supporting and maintaining the convicts while engaged on bridges and causeways," is void for the reason that item 10 levied the maximum tax of 4 mills allowed by law. We think that it is clearly deducible from the reasoning in *Central of Ga. Ry. Co.* v. *Meriwether County*, 148 *Ga.* 423 (96 S. E. 884), that in enacting the alternative road law it was the purpose of the General Assembly to provide an adequate and complete law for any county adopting it; and that when a county operating under that law has levied the maximum tax allowed under section 696 of the Civil Code (1910), the said tax plus the commutation tax constitutes a fund designed to meet all the ordinary and usual expenditures made in "working, improving, and repairing the public roads." See also, in this connection, *Wright* v. *Alabama Great So. R. Co.*, 150 *Ga.* 140 (102 S. E. 821); *Carter* v. *Shingler Realty Co.*, 157 *Ga.* 118 (120 S. E. 784). We think that the

objection to the item under consideration is good, and that the court erred in overruling it. This ruling. applies solely to the case involving the 1924 levy.

The third objection to the 1924 levy is that the levies to pay current expenses, to wit those items numbered 3, 4, 5, 6, and 7, total 3.5 mills, and exceed fifty per cent. of the State levy by 1 mill. The fourth objection to the 1924 levy is that items 1, 3, 4, 5, 6, and 7 aggregate 5.5, and are illegal to the extent that they exceed one hundred per cent. of the State tax. Similar objections are made in the two cases involving the taxes for the years 1925 and 1926. Our opinion is that all these objections are controlled in principle by the decision in *Central of Ga. Ry. Co.* v. *Wright,* supra, and that none of them is meritorious.

Our conclusion is that item 9 of the 1924 levy is void for the reason assigned. For no other reason assigned did the court commit error in any of. the three cases under consideration.

*Judgment reversed in case 18354; affirmed in cases 18355 and 18356. Broyles, C. J., and Bloodworth, J., concur.*