## 18023. CENTRAL OF GEORGIA RAILWAY CO. v. JONES COUNTY et al.

STEPHENS, J. 1. Under section 507 of the Political Code of 1910, the proper county authorities may, without a recommendation of the grand jury, levy a tax upon the taxable property of the county, in an amount equal to 100 per cent. of the State tax for the current year. *Wright* v. *Central of Georgia Ry. Co.*, 36 *Ga. App.* 382 (137 S. E. 93) and cit. It follows therefore that a tax levy of $2.75 per thousand made by the county authorities, without a recommendation of a grand jury, for the purpose of paying the accumulated indebtedness of the county, is legal, being within 100 per cent. of the State tax for the current year, which is $5 per thousand.

2. Under the Political Code of 1910, §§ 508, 510, the proper county authorities, may, in addition to the levy authorized under § 507, levy upon

Counties, 15 C. J. p. 636, n. 90; p. 639, n. 16, 19, 20; p. 641, n. 52.

the taxable property of the county a tax "for county purposes" (which includes the current expenses of the county, as held' in *S. A. L. R. Co.* v. *Wright*, 157 *Ga.* 722, 122 S. E. 35), in an amount not 'in excess of 50 per cent. of the State tax for the current year, without a recommendation of the grand jury, where the grand jury of the spring term has adjourned before the adjournment of court, and without having made a recommendation. It follows therefore that a tax levy made by the county authorities in the sum of $2.50 per $1,000 is equal to 50 per cent. of the State tax for the current year where the State tax for that year is $5 per $1,000, and, when made for the purpose of paying the current expenses of the county, is a legal levy, where the grand jury for the spring term of court had adjourned before the adjournment of court without making a recommendation.

3. Where, as indicated above, the levies were lawful when made without a recommendation of the grand jury, it was not essential to the validity of any of the levies so made that a statement of the financial condition of the county, and of the amount of tax required to discharge the county liabilities for the current year, was presented to the foreman of the grand jury, as prescribed in section 509 of the Political Code of 1910.

4 A tax levy made by a county under the authority of § 696 of the Political Code of 1910, for the purpose of obtaining revenue to pay "the salaries and wages, and for working, improving, and repairing the public roads," as in this section set forth, is a special tax authorized by a special statutory enactment of the year 1891 (Acts 1890-91, vol. 1, p. 135), and since the adoption of sections 507, 508, and 510 of the Political Code of 1910, and is by the terms of the act of 1891 authorized as "a tax additional to any now authorized by law," and is therefore a tax additional to the tax authorized under these latter named code sections. It therefore follows that the tax authorized under Code section 696 may be levied over and above and, in addition to the tax levies authorized under sections 507, 508, and 510 of the Political Code of 1910, and is nqt limited by the provisions of these latter sections. *Central of Ga. Ry. Co.* v. *Wright*, 165 *Ga.* 1 (139 S. E. 890).

5. A tax levy by a county of "$2.00 per thousand . . for county purposes, as provided in section 696 of the Civil Code of 1910," is, by reference to the code section, sufficiently specific, even assuming that the provisions of section 514 of the Political Code of 1910, which provides for specificalness in county tax levies, applies to the levy of the special tax provided for under section 696 of the Political Code of 1910.

6. Upon the trial of an issue made by an affidavit of illegality filed by a taxpayer to a levy of an execution issued against affiant for the collection of county taxes, the court, under the above rulings, did not err in finding against the affiant under the agreed statement of facts.

7. See further, in this connection, *Central of Ga. Ry. Co.* v. *Wright*, 165 *Ga.* 631 (141 S. E. . . .).

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 28, 1928.

Affidavit of illegality of execution; from Jones superior court. Judge Park. February 7, 1927.

STATEMENT OF FACTS BY STEPHENS, J.

An execution in the sum of $1,384.07 was issued by W. A. Wright, comptroller-general of Georgia, against the Central of Georgia Railway Company for taxes due the County of Jones for the year 1925, and was levied upon certain property of the railroad company situated in the town of Gray in that county, upon which was the depot of the company. The company filed its affidavit of illegality to the execution and levy, upon various grounds, as indicated in the various paragraphs of the above syllabus. The Honorable James B. Park, judge of the superior court presiding, passed upon all questions of law and fact, and rendered a judgment sustaining only one of the grounds of illegality, wherein it was contended that the levy of $2.60 per $1,000 for current expenses of the county was excessive by 10 cents per $1,000, and overruled the other grounds of illegality, and sustained the levy and held the property subject to the execution in the amount of the execution, less the amount representing a levy of 10 cents upon $1,000. To this judgment overruling the illegality and sustaining the execution in part, the defendant excepted.

It is not necessary to recite the various grounds of the affidavit of illegality and the undisputed evidence introduced, as, in so far as the same and any part thereof is relevant, it is indicated in the syllabus. The item in the levy, to which reference is made in paragraph 1 of the syllabus; and which in the affidavit of illegality is by affiant conceded to be "a levy to pay the accumulated indebtedness" of the county, is as follows: 8. "To pay the legal indebtedness of said county, due and to become due during the present year, or past due, the sum of $2.75 per $1,000.00, making $7,293.68."

The items in the levy, to which reference is made in paragraph 2 of the syllabus, wherein levies are made to obtain revenue to pay the current expenses of the county, are as follows:

2. "To pay the salaries of Board of County Commissioners, clerk of the same, the pay of County Tax-Collector and receiver in commissions, as well as the pay of County Treasurer, the sum of $1.15 per $1,000.00, making $3,050.09.

9. "To pay jurors their per diem; the pay of courts, superior

and city, exclusive of item 10, or above, the sum of $0.75 per $1,000.00 making $1,989.18.

10. "To pay for coroner's expenses; of Bailiffs, Sheriffs, and Jailer; non-resident witnesses; fuel, hire, stationery, and the like, the sum of $0.40 per $1,000.00, making $1,060.89. ·

11. "To pay other lawful expenses of the County, or charges thereof, as provided in section 513 of the Civil Code, the sum of $0.30 per $1,000.00, making $795.67."

This makes a total of $2.60 per $1,000.

As the judge of the superior court sustained the affiant's objection to the levies for current expenses, in a sum representing $2.60 per $1,000, upon the ground that said levies were illegal as being in excess of $2.50 per $1,000, and rendered a judgment for the affiant accordingly, such levies are treated to all intents and purposes as if they aggregate the sum of $2.50 per $1,000. The item in the levy to which reference is made in paragragh 4 of the syllabus is as follows: "And it is further ordered by the Board of County Commissioners of Jones County that a tax of $2.00 per $1,000.00 be levied for county purposes, as provided in sec. 696 of Civil Code 1910, making $5,304.49."

*Harris, Harris & Popper,* for plaintiff in error.

*J. C. Barron,* contra.