*J. B. Moore,* for plaintiff.  *E. H. Williams,* for defendant.

## 18375.  SEABOARD AIR-LINE RAILWAY CO. *v.* McINTOSH COUNTY *et al.*

BELL, J.  1. Where the State tax for the year 1925 was 5 mills, a county tax levy to pay legal indebtedness of a county, due or to become due during the year or past due, 3-½ mills; to pay sheriff, jailer, or other officers the fees that they may be entitled to out of the county, ½ mill; to pay expenses of the county for bailiffs, non-resident witnesses, fuel, servant hire, stationery, and the like, ½ mill; to pay jurors a per diem compensation, 1 mill; to pay any other lawful charge against the county, ½ mill, aggregating 6 mills, was not illegal in that it exceeded the amount which the county authorities were authorized to levy for such purposes.  *Central of Ga. Ry. Co.* v. *Wright,* 165 *Ga.* 1 (139 S. E. 890); *Central of Ga. Ry. Co.* v. *Terrell County,* 37 *Ga. App.* 599 (141 S. E. 79); *Central of Ga. Ry. Co.* v. *Wright,* 165 *Ga.* 631 (142 S. E. 292); *Central of Ga. Ry. Co.* v. *Jones County,* 37 *Ga. App.* 763 (142 S. E. 301); *Central of Ga. Ry. Co.* v. *Effingham County,* 37 *Ga. App.* 766 (142 S. E. 303); *Wright* v. *Central of Ga. Ry. Co.,* 36 *Ga. App.* 382 (137 S. E. 93); *Central of Ga. Ry. Co.* v. *Wright,* 36 *Ga. App.* 386 (137 S. E. 95); *So. Ry. Co.* v. *Wright,* 36 *Ga. App.* 391 (137 S. E. 98); *A. C. L. Railroad Co.* v. *Grady County,* 32 *Ga. App.* 261 (122 S. E. 816); *Central of Ga. Ry. Co.* v. *Wright,* 33 *Ga. App.* 96 (125 S. E. 520).

2. Where the taxpayers in general had paid their taxes for the year and executions had been issued against those who had defaulted in the payment of the same, including the plaintiff in error, and where, after a levy upon its property, the plaintiff in error filed an affidavit of illegality, it was not then lawful for the county authorities to amend the tax levy by reducing the amount levied to pay the legal indebtedness of the county, as indicated above, and by adding the equivalent of such reduction to the amount levied for a separate and distinct purpose; and the court, upon the trial of the issue formed by the affidavit of illegality, properly disregarded such attempted amendment of the tax levy.  *Ala. Great So. R. Co.* v. *Wright,* 34 *Ga. App.* 639 (130 S. E. 918).

3. Such amendment could not be considered either as reducing the amount originally levied to pay the legal indebtedness nor as an admission by the county that the lesser amount mentioned in the amendment was all that was necessary to be levied for that purpose, and therefore as establishing that the levy was exorbitant to the extent of such attempted reduction.  See Civil Code (1910), § 505.

4. It does not appear from the facts of this case that the tax levy was illegal in any part because the grand jury had made no recommendation concerning it.  36 *Ga. App.* 382 (supra).

5. The court did not err in rendering judgment against the affidavit of illegality.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 16, 1928.

*Conyers & Gowen,* for plaintiff in error.
*Tyson & Tyson,* contra.