17723. ATLANTIC COAST LINE RAILROAD CO. *v.*
LONG COUNTY *et al.*

DECIDED FEBRUARY 21, 1929.

*McDaniel & Neely, Lawrence & Abrahams, Edwin A. Cohen,* for plaintiff in error.

BELL, J. The State tax for the year 1924 was 5 mills. The tax levy ordered by the proper authorities of Long county for that year included the following items: 2. To pay sheriff's, jailer's or other officers' fees that they may be legally entitled to out of the county, 2-1/2 mills. 3. To pay the expense of the county for bailiffs at court, nonresident witnesses in criminal cases, fuel, servant hire, stationery, and the like, 1/2 mill. 4. To pay jurors a per diem compensation, 1 mill. 7. For sanitation purposes, including tick eradication in the county, 3 mills. 8. To pay any other lawful charge against the county, such as interest on county warrants of said county, incidentals and the like, not hereinbefore named, 1-1/4 mills.

The Atlantic Coast Line Railroad Company, a taxpayer, paid a part of the tax called for by this levy, but refused to pay the

remainder. An execution was then issued by the comptroller-general in behalf of the county for such remainder; and against a levy of this execution upon its property the railroad company interposed an affidavit of illegality. The judgment of the superior court upon the issue thus formed was in favor of the county, and the railroad company excepted.

It was contended in the affidavit of illegality that the above items of the tax levy exceeded in the aggregate the amount which the county was authorized to levy, and also that item 7, "For sanitation purposes, including tick eradication in the county, 3 mills," was a tax for two purposes and was illegal, in that it failed to specify the per cent. levied for each purpose.

It appearing that in items 2, 3, 4, and 7 the county levied a tax for current expenses in the aggregate of 7 mills, and that in item 8 there was levied an additional 1-1/4 mills to pay current expenses and accumulated debts (interest on county warrants), so that the total levy to pay current expenses and accumulated debts amounted to 8-1/4 mills, and such levy being in excess of 150 per cent. of the State tax, the principal question for decision was whether a county may levy more than 150 per cent. of the State tax for the purpose of paying current expenses and accumulated debts.

This question (with others) was certified to the Supreme Court, but the Justices, being evenly divided as to the proper answer to the particular question, returned the case without instruction upon it. *Atlantic Coast Line R. Co.* v. *Long County,* 167 *Ga.* 210 (144 S. E. 783). In these circumstances, we will proceed, as best we can, to a proper solution of the case, taking aid from such prior adjudications as we think pertinent. In *Wright* v. *Southern Ry. Co.,* 146 *Ga.* 581 (91 S. E. 681), the Supreme Court ruled: "County authorities may legally levy a tax not exceeding 100 per cent. of the State tax, to pay accumulated debts and current expenses of the county, without any reference to a recommendation by the grand jury. If 100 per cent. of the State tax be not sufficient to pay accumulated debts and current expenses of the county, the authorities have power to raise a tax for county purposes over and above the tax of 100 per cent. of the State tax, not to exceed 50 per cent. of the State tax for the year it is levied, 'provided two-thirds of the grand jury recommend such tax'." The same rulings were made in *Southern Ry. Co.* v. *Wright,* 154 *Ga.* 334

(114 S. E. 359), and in *Southwestern R. Co.* v. *Wright,* 156 *Ga.* 1 (118 S. E. 552).

Again, in *Central of Georgia Ry. Co.* v. *Wright,* 156 *Ga.* 13 (118 S. E. 709), the Supreme Court, in reply to certified questions, ruled as follows: "1. Under the Civil Code (1910), § 507, the proper county authorities can levy a tax of 100 per cent. of the State tax to pay current expenses of the county, but a levy to pay both accumulated debts and current expenses or a levy for either of these purposes must not exceed 100 per cent. of the State tax. 2. The tax authorized by the above section is in addition to that provided in the Civil Code (1910), § 508."

.It would seem to follow from these decisions that a county ordinarily can not in any given year levy more than 150 per cent. of the State tax, even for the purpose of paying both current expenses and accumulated debts. See further, in this connection, *Atlantic Coast Line R. Co.* v. *Grady County,* 32 *Ga. App.* 261 (122 S. E. 816) ; *Central of Georgia Ry. Co.* v. *Wright,* 33 *Ga. App.* 96 (125 S. E. 520) ; *Wright* v. *Central of Georgia Ry. Co.,* 36 *Ga. App.* 382 (137 S. E. 93), affirmed in 165 *Ga.* 623 (142 S. E. 288) ; *Central of Georgia Ry. Co.* v. *Wright,* 36 *Ga. App.* 386 (137 S. E. 95), affirmed in 165 *Ga.* 631 (142 S. E. 292) ; *Southern Ry. Co.* v. *Wright,* 36 *Ga. App.* 391 (137 S. E. 98), affirmed in 165 *Ga.* 121 (139 S. E. 909) ; *Central of Georgia Ry. Co.* v. *Jones County,* 37 *Ga. App.* 763 (142 S. E. 301). Whether the rule would be different in case of a mandamus need not be considered under the present record. In *Central of Georgia Ry. Co.* v. *Wright,* 165 *Ga.* 1 (139 S. E. 890), there is an opinion by Chief Justice Russell, concurred in by Justices Beck and Atkinson, which, if it had been rendered by a majority of the court, would seem to sustain the tax levy under consideration; but since, as indicated, only three of the Justices concurred in that ruling, it did not amount to such a decision by the court as to adjudicate the question presented.

If our conclusion as above stated should appear to be in conflict with anything said in *Central of Georgia Ry. Co.* v. *Wright,* 165 *Ga.* 623 (supra), we think that under the facts of that case a decision was not required as to whether a county may levy more than 150 per cent. of the State tax to pay current expenses and accumulated debts, and thus that whatever may have been said or intimated there upon such question need not be followed as con-

trolling, in view of other and previous decisions of the Supreme Court, as above cited.

It follows from what has been said that the tax levy now in question was excessive in so far as the amount levied in items 2, 3, 4, 7, and 8 exceeded 7-1/2 mills or 150 per cent. of the State tax of 5 mills, that is, to the extent of three fourths of one mill.

There is no merit in the contention that item 7 was a levy for two items without specifying the per cent. for each. A tax for tick eradication is a tax for sanitation, so that that item was but for one purpose, and, hence, was not illegal upon the ground stated. *Townsend* v. *Smith,* 144 *Ga.* 792 (2) (87 S. E. 1039) ; *Richter* v. *Bacon,* 145 *Ga.* 408 (2) (89 S. E. 367).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*