21554.   SOUTHERN RAILWAY COMPANY *v.* PAULDING COUNTY.

BELL, J.   1. The State tax for the year 1928 being five mills, a county tax levy for that year for the following purposes: "2d.  To pay sheriffs, jailors and other officers fees that they may be legally entitled to out of the county, on each $100, 12 cents; 3d.  To pay coroners for holding inquests, on each $100, 1 cent; 4th.  To pay bailiffs at court, non-resident witnesses in criminal cases, fuel, servant hire, stationery, on each $100, 3 cents; 5th.  To pay jurors a per diem compensation, on each $100, 10 cents;  .  .  7th.  To pay any other legal charge against the county, such as election managers, registrars, jury commissioners, tax equalizers, county boards of health, county agricultural agents, home demonstration agents and for statistical reports to State board of health, on each $100, 10 cents," amounting in all to 3.6 mills or $3.60 per thousand, was not illegal in that it exceeded the amount which the county authorities were authorized to levy under the provisions of sec-

tions 507 and 508 of the Civil Code. *Southern Railway Co.* v. *Gordon County*, 173 *Ga.* 907 (161 S. E. 824) ; *Atlantic Coast Line R. Co.* v. *Long County*, 39 *Ga. App.* 303 (147 S. E. 158) ; *Seaboard Air-Line Ry. Co.* v. *McIntosh County*, 38 *Ga. App.* 43 (142 S. E. 699), and cit.

2. But item 7 as contained in such levy was not a levy for a single purpose, since, as was urged in the affidavit of illegality, the levy to pay the salary of "home demonstration agent" was a levy for an educational purpose, whereas some of the other charges referred to in the same item could not be so classified. *Bowers* v. *Hanks*, 152 *Ga.* 659 (3, 4) (111 S. E. 38) ; *Hanks* v. *D'Arcy*, 156 *Ga.* 55 (118 S. E. 656) ; *Wright* v. *Atlantic Coast Line R. Co.*, 40 *Ga. App.* 785 (2) (151 S. E. 553). Item 7 was therefore illegal and subject to objection upon the ground that it failed to specify the per cent. levied for the different purposes referred to therein. Civil Code (1910), § 514; *Sullivan* v. *Yow*, 125 *Ga.* 326 (54 S. E. 173) ; *Central of Georgia Ry. Co.* v. *Wright*, 33 *Ga. App.* 96 (3) (125 S. E. 520) ; *Central of Georgia Ry. Co.* v. *Terrell County*, 37 *Ga. App.* 599 (1 *a*) (141 S. E. 79) ; *Montgomery County* v. *Seaboard Air-Line Ry. Co.*, 41 *Ga. App.* 130 (2) (152 S. E. 261).

3. Furthermore, it appears that in item 9 the county levied for educational purposes the full amount permitted by the constitutional amendment of 1920 (Ga. L. 1919, p. 66), and the county, therefore, could not levy an additional amount for an educational purpose as in item 7. *Almand* v. *Board of Education*, 161 *Ga.* 911 (131 S. E. 897) ; *Brown* v. *Martin*, 162 *Ga.* 172 (132 S. E. 896) ; *Wright* v. *Atlantic Coast Line R. Co.*, supra.

4. Under the rulings made above, the court erred in not sustaining the affidavit of illegality as to item 7 of the tax levy, but the judgment was not erroneous for any other reason assigned.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 17, 1932.

*A. J. Camp, Maddox, Matthews & Owens,* for plaintiff in error.
*C. B. McGarity,* contra.